## SOUTHERN UNDERWRITERS v. JONES.

### No. 3385.

Court of Civil Appeals of Texas. Beaumont.

Feb. 24, 1939.

Rehearing Denied March 1, 1939

Battaile, Burr & Holliday, of Houston, and J. J. Collins, of Lufkin, for plaintiff in error.

John W. Laird, of Lufkin, for defendant in error.

O'QUINN, Justice.

Plaintiff in error filed this suit in the District Court of Angelina County, Texas, against defendant in error, to set aside an award of the Industrial Accident Board.

Defendant in error answered, and by cross-action sought to recover from plaintiff in error compensation for injuries alleged to have been received by him while in the course of his employment as an employee of B. L. Zeagler, resulting in his total and permanent incapacity.

At the close of the evidence, plaintiff in error moved for an instructed verdict which was refused. The case was then submitted to a jury upon special issues which were answered favorable to defendant in error, and judgment rendered in his favor for compensation at the rate of $9 per week for and during the period from September 30, 1935, up to and until January 20, 1940, together with six per cent interest on all the weekly matured payments. Motion for a new trial was overruled, hence this appeal.

The following statement of the nature and result of the suit is taken from the brief of plaintiff in error, which defendant in error accepts as correct: "The defendant in error sustained certain injuries to his eye and face in Angelina County, Texas, on August 5, 1935. Within six months thereafter he filed with the Industrial Accident Board a claim for compensation for such injury, stating that it was sustained in the course of his employment with B. L. Zeagler. B. L. Zeagler had notice of such injury within thirty days after same occurred. Plaintiff in error, The Southern Underwriters, was the compensation insurer for B. L. Zeagler on the date such injuries were sustained. On January 29, 1936, the Board rendered its final ruling and decision ordering The Southern Underwriters to pay Dave W. Jones $8.65 per week for an indefinite period in the future not exceeding 100 consecutive weeks from August 5, 1935, unless changed by subsequent award of the Board. On Feb-

ruary 15, 1936, The Southern Underwriters filed with the Board notice of its unwillingness to abide said award, and within twenty days thereafter on March 5, 1936, filed this suit to set the award aside."

█ On oral submission, it was agreed that the only question for decision was whether Dave W. Jones, the defendant in error, was at the time he received his injuries, an employee of B. L. Zeagler. If so the judgment should be affirmed, but if not then it should be reversed and rendered for plaintiff in error. It was also agreed that plaintiff in error had paid compensation to defendant in error for eight weeks following his injury.

It is contended by plaintiff in error that Jones was not employed by Zeagler, but that he was an employee of C. B. Massingill who was an independent contractor furnishing and hauling logs for Zeagler. Zeagler was operating a sawmill at the town of Lufkin. He had no logging or trucking department, but depended upon other men who did own and operate log wagons and trucks to furnish the logs and deliver them to his sawmill.

C. B. Massingill had been working, in this way, for Zeagler a number of years. He testified: "I commenced working for Mr. Zeagler in 1924, and have worked for him most of the time since then." Zeagler furnished Massingill $1,000 with which to buy a tract of timber known as the Wright tract. It was while this timber was being cut that Jones was injured. He and others were cutting logs. Jones was told by Massingill to go to cutting the logs. Massingill was working on the job when Jones was hurt. He put Jones in one of his trucks and carried him to town (Lufkin) and when they reached town Massingill called Zeagler over the phone and asked what he should do with Jones. Zeagler told him to carry Jones to Dr. Cannon's office. Dr. Cannon was at the hospital and ordered Jones to be brought there, which was done, and Jones was treated by Dr. Cannon. He remained in the hospital for eight days and was treated. Later Jones was sent to Houston where plaintiff in error had him hospitalized for several days and then returned him to Lufkin. Zeagler said he instructed that Jones be carried to Dr. Cannon because Dr. Cannon was his company physician.

Zeagler bought the logs from Massingill. He, Zeagler, paid the men working for Massingill, by delivering the sums due them to Massingill who then delivered the money to the men. Zeagler deducted from the money he would owe Massingill for the logs, sufficient to cover the premiums on the pay roll of the men, and then remitted this money to plaintiff in error covering the compensation insurance premiums covering Massingill's pay roll. This was done monthly. None of the log cutters were carried on Zeagler's pay rolls. There was only one man, Berry, who acted as woods foreman for Zeagler, who was carried on Zeagler's pay roll under logging department. D. L. Dikeman, Auditor for plaintiff in error, inspected Zeagler's books and pay rolls monthly and saw no men on the pay rolls as log cutters. He knew that premiums for insurance covering the log cutters was being remitted by Zeagler to his company. He was so informed and discussed this matter with Miss Lila Baird, Zeagler's Secretary in charge of his office and Head Bookkeeper, and also with Miss Louise Croom, Assistant Bookkeeper, and they explained to him the method of collecting the money for the insurance premiums and its transmission to the insurance company. These premiums were accepted by plaintiff in error and kept by it.

From the facts enumerated: Jones injured while cutting logs, his being taken by Massingill under instructions from Zeagler to Zeagler's company physician for treatment, Zeagler's holding out of money due to Massingill for his pay roll, amounts for insurance to cover premiums due on the policy covering the log cutters, and monthly remitting same to plaintiff in error, knowledge by plaintiff in error of the method of Zeagler's collecting the money out of Massingill's log cutters pay roll and its transmission to plaintiff in error, Zeagler's reporting the injury of Jones to plaintiff in error as his employee, its acknowledgment of liability and payment to Jones of eight weeks' compensation, among other facts and circumstances in the record, point, we think, to Jones being an employee of Zeagler, as found by the jury. They were the judges of the facts, and had the right to consider the method of carrying the insurance in ascertaining whose employee Jones was. None but the employer could carry the insurance, and Zeagler, in reporting the injury of Jones to the insurance company, stated that he, Zeagler, was the employer and Jones his employee, which the jury, considering all the facts and circumstances, found to be true.

Defendant in error urges that plaintiff in error was estopped to deny that Jones was an employee of Zeagler and also estopped to deny that Jones was protected by the insurance carried by plaintiff in error. We think this contention should be sustained. It is undisputed that Zeagler held out of the monies due by him to Massingill for the payment of Massingill's pay roll, the necessary amounts to pay the premiums on the compensation insurance provided, and that Zeagler remitted such premiums to plaintiff in error which it accepted; that when Jones was injured, Zeagler reported the injury to plaintiff in error, and in filling out the blank report stated that he, Zeagler, was the employer and Jones his employee; that, though Zeagler did not carry the names of the log cutters on his pay rolls, he did collect from Massingill's pay rolls and remit the proper premiums to cover them, and plaintiff in error had knowledge of such method of carrying them and of remitting for their coverage, in that its Auditor, D. L. Dikeman, audited Zeagler's books and pay rolls at regular intervals for the purpose of ascertaining whether proper amounts were being paid to it for the insurance, and said Dikeman saw the books and pay rolls and noted the absence of logging employees names on same, but was advised and informed by Miss Lila Baird, Secretary for and Head Bookkeeper of Zeagler, and Miss Louise Croom, Assistant Bookkeeper in Zeagler's office, and each thoroughly familiar with the method of carrying the insurance, as to the method of carrying the insurance on said log cutters, and the payment of the premiums, and with this knowledge plaintiff in error continued to accept and retain the insurance premiums thus remitted, and the policy was in no manner changed, nor was any complaint or disapproval made by plaintiff in error as to the method of carrying the insurance, but plaintiff recognized said policy as binding even for a considerable time after Jones was injured. Further, if it could be said that plaintiff did not have knowledge of the fact that Zeagler held out money from the amount he owed Massingill for logs, and on pay rolls, and remitted it to plaintiff in error for compensation insurance protection of the log cutters, then it would not be excused from liability, for unquestionably it had, through the knowledge of its said Auditor, Dikeman, knowledge of facts sufficient to put it upon inquiry which if pursued with reasonable diligence would have afforded it full knowledge of all the facts relative to the carrying of said insurance covering the log cutters in question. More, there was only one man on the pay roll of Zeagler classified as in his logging department, Berry, woods foreman. Yet Massingill testified that the sum of $268 was held out of his pay rolls and sent in by Zeagler to plaintiff in error as premiums for logging workers in 1935. This fact, reflected by the books and pay rolls, was of itself sufficient to put the Auditor upon inquiry. But as before stated, Miss Baird and Miss Croom, bookkeepers for Zeagler, explained this to plaintiff in error's Auditor, Dikeman. McCaleb v. Continental Casualty Co., Tex.Sup., 116 S.W.2d 679, 682.

The question as to whether plaintiff in error knew that premium payments received by it from Zeagler covered those employed in cutting logs, was submitted to the jury, and answered "Yes". There is evidence to support the finding.

From what we have said, it follows that the judgment should be affirmed and it is so ordered. Affirmed.