## BLAIN et al. v. SERVICE MUT. INS. CO. OF TEXAS.

### No. 2444.

Court of Civil Appeals of Texas. Waco.
Feb. 12, 1942.

Rehearing Denied March 5, 1942.

See, also, Tex.'Civ.App., 135 S.W.2d 745.

George Clark and Charles Mooney, both of Waco, for appellants.

Scott & Wilson and W. E. Cureton, all of Waco, for appellee.

HALE, Justice.

Mrs. Bertha Blain instituted this suit for herself and as next friend for her six minor children, seeking recovery against The Service Mutual Insurance Company of Texas, hereinafter referred to as insurer, for injuries resulting in the death of her husband, W. A. Blain. Plaintiffs predicated their asserted cause of action upon the Texas Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., and a policy of insurance issued by the insurer. They alleged that on the 6th day of May, 1938, the deceased was an employee of Jones Fine Bread Company, Inc., hereinafter referred to as employer, within the meaning of the act and of the policy, in that he was at that time in the service of said employer under a verbal contract of hire, and while acting in the course of his employment he sustained accidental injuries which resulted in his death on April 19, 1939. They alleged fully and in detail all essential facts necessary to show a valid and subsisting right of recovery against the insurer and jurisdiction in the trial court to adjudicate and enforce the asserted right and remedy. They attached to their petition as exhibits a copy of the material proceedings had before the Industrial Accident Board and a copy of the policy sued upon.

The insurer seasonably filed and presented its general demurrer to the petition of plaintiffs. The trial court sustained the general demurrer and dismissed the case. Plaintiffs duly excepted, perfected appeal to this court, and by proper assignment they here present the contention that such action of the trial court constituted reversible error.

After setting up the facts constituting their cause of action under the compensa-tion act and policy sued upon, plaintiffs further alleged that at the time when the deceased entered the service of the employer, who was operating a bakery, the said employer "did not require the said W. A. Blain to procure or have in his possession a certificate attesting that he had been examined by a physician within one week prior to the time of his employment." In this connection plaintiffs further alleged that the deceased was working for his employer as a house mechanic and was not engaged at any time in making, handling, wrapping, slicing or dispensing bread. They alleged facts showing that the deceased was not infected with or affected by any infectious or contagious disease at any time material to this suit; that he had been examined on the day of his injury shortly after the accident and at other times thereafter by different doctors who was each a regularly licensed physician residing in McLennan county, with his license duly registered in said county, one of said doctors being an employee of the insurer, and that such examinations each disclosed that the deceased was free from any infectious or contagious disease and/or any transmissible condition of any infectious or contagious disease; that the deceased was at all times material to this suit willing to submit to any medical examination required by his employer and that neither he nor his employer intentionally violated any of the regulatory provisions of Chapter 356 of the 45th Legislature, Acts of 1937, p. 707. They further alleged fully and in detail facts which, if true, showed that the insurer, with full knowledge of all material matters set forth in the petition, accepted and retained in its possession the premiums tendered to it by the employer under its Standard Workmen's Compensation and Employers Liability Policy, and that the insurer so accepted and retained said premiums with the intention of waiving any right it might then or thereafter have to deny that the deceased was an employee within the meaning of the compensation act or of the policy sued upon at the time when he sustained the injuries complained of. They set up such waiver as a basis for their extensive plea of estoppel against the insurer to now deny the truth of their allegations that the deceased was an employee within the meaning of the applicable law and of the policy sued upon.

**540**

In passing upon the sufficiency of a petition as against a general demurrer, the courts must presume the truth of all material allegations contained in the petition and of all reasonable intendments that may be drawn therefrom as a proper basis for the recovery sought. Rule 17 of the Court Rules for District and County Courts; Johnson v. Stephens, 121 Tex. 374, 49 S.W.2d 431; Walters v. Great National Life Ins. Co., 132 Tex. 454, 124 S.W.2d 850. Therefore the question of law upon which this appeal must turn is whether or not, under the facts alleged, the mere failure of the employer to require W. A. Blain to procure or have in his possession a certificate attesting that he had been examined by a physician within one week prior to the time of his employment in violation of the then existing provisions of the Penal Code rendered its contract of hire with the deceased null and void so as to deprive appellants of their right of recovery under the Workmen's Compensation Act and the policy contract.

The Workmen's Compensation Act was originally passed in 1913, Laws 1913, c. 179, and has been subsequently amended from time to time. It is a special law. The rights and remedies therein provided are measured strictly by its terms, which, however, are to be liberally construed in order to effectuate the beneficent purposes for which it was enacted. Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084; Gilley v. Aetna Life Ins. Co., Tex.Com. App., 35 S.W.2d 136. It contemplates two bilateral agreements between a minimum of three persons, viz., a contract of hire, express or implied, between the workman and the employer, and a contract of insurance between the employer and the compensation insurer. It provides, in effect, that when an employee sustains an injury in the course of employment, the insurer shall pay to him weekly compensation at the rate of sixty per cent of his average weekly wage during the period of incapacity not to exceed 401 weeks, and if such injury results in death, then the insurer shall pay compensation to the surviving widow and minor children of the deceased at the same rate for the definite period of 360 weeks. When the employer has become a subscriber to the act by taking out the specified policy of compensation insurance, he is thereby exempt from any liability that might have been otherwise imposed upon him under the common law for damages on account of personal injuries sustained by any employee, the injured employee being required to look alone to the insurer for compensation unless his injuries were caused by a stranger, in which event he may elect to collect his insurance under the act or to sue the stranger for damages under the common law. The subscribing employer is likewise exempt from liability that might have been otherwise imposed upon him under the death injury statute for damages on account of injuries resulting in the death of any employee, the surviving widow and minor children of the deceased employee being required to look alone to the insurer for compensation, or to the stranger who caused his death, unless the death resulted from the willful act or omission of the employer, in which event the subscribing employer may still be held liable to the surviving widow and minor children in exemplary damages under the express provisions of the Constitution and of the compensation act. Any employer who is eligible to become a subscriber under the act but fails to do so is deprived of his pre-existing common law defenses of contributory negligence, fellow servant negligence and assumed risk in an action against the employer to recover damages for personal injuries sustained by an employee in the course of his employment, or for death resulting from personal injuries so sustained.

The policy contract attached to appellants' petition shows that the insurer thereby agreed with the employer in this case, among other things, as respects personal injuries sustained by its employees, including death at any time resulting therefrom, substantially as follows: (1) To pay directly to any person entitled thereto under the Texas Workmen's Compensation Law all sums due and to become due thereunder; (2) to indemnify the employer against loss by reason of the liability imposed upon it by law for damages on account of such injuries; (3) to serve the employer by making inspection of its work places and suggesting such changes and improvements therein as it may deem desirable; (4) to investigate claims, defend suits, etc. The premium to be paid for the policy was based by its terms upon the entire remuneration to be earned during the policy period by all employees engaged in the operation of the employer's bakery. It was alleged that the insurer knew that the employer had employed W. A. Blain without requiring him to pro-

cure or have in his possession the health certificate hereinbefore referred to, but that it also knew that Blain was not engaged in the handling of bread, that he was free from any infectious or contagious disease at all times while in the service of his employer, and with full knowledge of all the facts set forth in the petition, the insurer audited the payrolls of the employer and demanded and received of the employer a premium for its policy based upon the entire remuneration earned by and paid to W. A. Blain with the intention of thereby waiving any right it might then or thereafter have to assert that Blain was not an employee within the meaning of the compensation act and of its policy of insurance.

■ In 1921, the Legislature originally passed an act providing sanitary rules and regulations for the conduct and operation of hotels, cafes, restaurants, and other places, including bakeries, which was known and cited as Article 705, Title 12, of the Penal Code. In 1937, the Legislature enacted House Bill 646, shown in the General and Special Laws of the 45th Legislature, Ch. 356, p. 707, which expressly repealed the prior act of 1921, known as Article 705, Title 12, aforesaid. This latter act was in force at the time of the injuries and death herein complained of and continued in effect until it was amended in 1939 as now shown in Article 705c of Vernon's Annotated Penal Code. Each of these acts was a general law. The dominant purpose and intent of the Legislature in the enactment of each of these general laws was to prevent persons affected by any infectious or contagious disease from handling or coming in contact with food to the detriment of the public health. In order to accomplish that highly desirable end, it was provided in each of the acts that no person who was engaged in the operation of certain establishments therein described should employ or keep in his employ any person or persons infected with or affected by any infectious or contagious disease. A regulatory provision was further inserted in each of these acts which made it unlawful for any such operator to employ any person who, at the time of employment, did not have in his or her possession a certificate from a physician attesting the fact that the prospective employee had been examined within one week prior to the time of employment and that such examination disclosed the fact that such prospective employee was free from infectious or contagious disease. It was further provided that

the employer should require additional medical examinations during the course of the employment at regular intervals not to exceed six months. The act of 1939 contains a further regulatory provision which requires the employer to display at the place where his operations are being conducted all health certificates therein called for as to each employee in his service, and provides that the failure to so display any such certificate shall be prima facie evidence that such employer failed to require the exhibition of the pre-employment certificate and failed to have each of the periodical examinations made as therein required. The acts of 1921 and 1937 each imposed a penalty upon the employer for violation thereof by way of a fine of not less than $5 nor more than $100. The act of 1939 imposes a penalty upon the employer for its violation by a fine not to exceed $200 and further provides that "each act or omission in violation of any of the provisions of this Article, shall constitute a separate offense and shall be punishable as hereinabove prescribed." Vernon's Ann. P.C. art. 705c, § 5.

■■ Applying the foregoing provisions of the compensation act and of the Penal Code to the alleged facts in this case, we are of the opinion that the trial court erred in sustaining the insurer's general demurrer. For the purposes of this appeal, it may be conceded without being decided that no person who is infected with or affected by any contagious or infectious disease at the time when he or she sustains an injury in the course of service for a bakery can recover the benefits provided in the compensation act because such person, by reason of the provisions of the Penal Code, cannot be under a legal contract of hire within the meaning of the compensation act; it may be further conceded that the failure of the employer to require a pre-employment certificate, or any periodical certificate, or his failure to display any certificate called for in the Penal Code, raises a presumption against the workman and against his beneficiaries under the compensation act, to the effect that the workman so engaged under such circumstances was not free from such disease. However, we do not think the presumption thus arising is or ought to be conclusive and irrebuttable. The history of the Penal Statutes to which we have referred, the caption, emergency clause and contents of each, the menace to the public health thereby sought to be eliminated and prevented, the penalty provided for the violation of

the regulatory provisions thereof, all impel us to the conclusion that it was never the intention of the Legislature by the enactment of any of these Penal Statutes to thereby penalize the innocent beneficiaries of a deceased workman and prevent them from recovering under the compensation act when such workman himself has done no wrong and has been at all times ready, able and willing to cooperate with his employer in doing those things which might have been proper or necessary for the employer alone to do.

The insurer relies upon the case of Rogers v. Traders & General Ins. Co., 135 Tex. 149, 139 S.W.2d 784, as authority for its contention that its general demurrer was properly sustained. We do not think the Rogers case is controlling in its application to the facts of this case. The Rogers case was a suit by the injured employee. It was tried upon its merits. The evidence showed, not only that Rogers did not have in his possession any health certificate at the time when he was employed, but that he had been in the service of the bakery for several months prior to receiving his injuries while working in the doughmixing room, and he was never examined by any physician to determine whether he was or was not suffering from any infectious or contagious disease. In the absence of any medical examination, it was impossible as a matter of course for him to show that he was free of all infectious and contagious diseases at any time while he was in the service of his employer. If he was not free of all infectious or contagious diseases at any time while he was in the service of his employer, then his contract of hire could not have been legally performed, either in whole or in part, regardless of whether it was or was not entered into illegally in the first instance. Furthermore, in the Rogers case the policy contract was not shown and there was no plea of waiver and estoppel.

■ The insurer cites the case of Southern Surety Co. v. Inabnit, 119 Tex. 67, 24 S. W.2d .375, as authority for its contention that appellants' plea of estoppel is not well taken. But we do not think the Inabnit case is controlling on the question of estoppel as applied to the facts of this case. In the Inabnit case no Penal Statute or general law was involved. It was there held, in effect, that the compensation act requires a contractual relationship between a minimum of three parties, viz: the employer, the employee, and the insurer; that one and the same person cannot constitute the two necessary parties to create the contract of hire which the compensation act requires; that the doctrine of estoppel may not be invoked in order to create a necessary contract or agreement which never had any existence either in fact or in law. Manifestly, under the terms of the special act in providing compensation benefits, the Industrial Accident Board which is a tribunal of limited powers, had no jurisdiction in the first instance under the true facts in the Inabnit case. In the case at bar, the three indispensable parties were before the Board with the two required contracts and both contracts were lawfully entered into insofar as the express provisions of the special act is concerned. If by reason of the provisions of the general law as embraced in the Penal Code, the contract of hire was entered into illegally, such result was due solely to the dereliction of the employer in failing to comply with a regulatory provision of the Penal Code. The contract of hire could have been legally performed if the employer had discharged the duty which the law imposed upon it. The facts and circumstances under which the deceased is alleged to have sustained his injuries in this case are sufficient to support an inference of actionable negligence on the part of the employer in failing to discharge the duties which a master or employer owes under the common law to his servant or employee. If this were an action against the employer for damages on account of the wrongful death of the deceased, the employer would not be heard to say that it did not owe to the deceased at the time of his injuries the duties which the master or employer ordinarily owes under the common law to his servants or employees. By its solemn contract in writing the insurer made itself the alter ego of the employer within the meaning of the compensation act.

Not only so, but the insurer assumed obligations under its contract of insurance in addition to those imposed upon it under the terms of the compensation act. If it is not estopped under the pleaded facts of this case from denying liability to appellants under the contractual relations existing between the parties at interest, then we see no reason why it should be estopped from denying its contract obligation to indemnify the employer against liability imposed upon it under the common law for the personal injuries resulting in the death of W. A. Blain. We think it is clear that if the facts alleged by appellants be true, as we must assume

against a general demurrer, the insurer is and ought to be estopped to now deny that W. A. Blain was free from any infectious or contagious disease at the time when he sustained his injuries, or that he was at such time an employee within the meaning of its contract of insurance. Southern Casualty Co. v. Morgan, Tex.Civ.App., 299 S.W. 476; Id., Tex.Com.App., 12 S.W.2d 200; Southern Underwriters v. Jones, Tex.Civ.App., 125 S.W.2d 393, error dismissed, judgment corrected.

Because we are of the opinion that the trial court erred in sustaining appellee's general demurrer, the judgment dismissing appellants' suit is reversed and the cause is remanded for further proceedings consistent with this opinion.

TIREY, J., took no part in the consideration and disposition of this case.