The judgment of the Court of Civil Ap-
peals is reversed, and the judgment of the
trial court is affirmed.

On Rehearing.

SHARP, Justice.

Respondent Simon has filed a motion for
rehearing, praying that sub-paragraph (c)
of the trial court's judgment be corrected
to agree with other parts of the judgment.
Both parties agree that one part of the
judgment is in conflict with other parts, but
do not agree on which part is incorrect.
Petitioner's affidavit fixed a materialman's
lien on only one-fourth interest in the lease-
hold estates in tracts 2 and 3, and therefore
his lien is not superior to that of respond-
ent as to the "remaining three-fourths" in-
terest. The trial court's judgment limited
petitioner's lien to a one-fourth undivided
interest, and ordered the property sold and
the proceeds distributed among the various
judgment creditors. Sub-paragraph (b) of
the judgment provides that the Oil Field
Salvage Company shall receive its pro rata
share of the one-fourth proceeds derived
from the sale of tract 3, the 80-acre tract,
while sub-paragraph (c) provides that it
shall also participate in the distribution of
the "remaining three-fourths" of the pro-
ceeds derived from the sale of tract 3. This
conflict in the judgment was presented by
respondent in the Court of Civil Appeals,
153 S.W.2d 1002, and in this court by proper
assignments.

Inasmuch as petitioner had a lien
on only one-fourth of the leasehold inter-
est in tract 3, it is not entitled to a priority
over respondent in a greater amount. As
petitioner has no lien on "the remaining
three-fourths of the proceeds," his right to
participate therein is inferior to those of
respondent.

Respondent's motion for rehearing is
granted. The judgment of this court en-
tered on January 27, 1943, is amended so as
to provide that the judgment of the Court
of Civil Appeals is reversed and that of the
trial court is reformed to conform with the
holdings herein and as reformed is affirmed.

**SERVICE MUT. INS. CO. OF TEXAS v.
BLAIN et al.**

**No. 1920—7977.**

Commission of Appeals of Texas, Section B.
Feb. 17, 1943.

Rehearing Denied March 17, 1943.

W. E. Cureton and Scott & Wilson, all of Waco, for appellant.

George Clark, Charles Mooney, and John B. Fisher, Jr., all of Waco, for appellees.

TAYLOR, Commissioner.

In this case Mrs. Bertha Blain (hereafter called plaintiff), wife of J. H. Blain, deceased, sought recovery for herself and minor children of workmen's compensation against the Service Mutual Insurance Company of Texas. The trial court sustained a general demurrer to the petition and the Court of Civil Appeals reversed and remanded the cause. 159 S.W.2d 538.

It appears from the trial petition (plaintiff's second amended) that the employer of Mr. Blain was Jones Fine Bread Company, which was engaged in the business of manufacturing and selling bread, and that in the course of this employment he sustained an injury from which he subsequently died. It is for his death resulting from this injury that recovery is sought by Mrs. Blain, and it appears from the petition that the recovery sued for is compensation under the terms of, and as measured by, the workmen's compensation laws of this state.

The writ of error was granted upon the application of the insurance company under the view that the trial court correctly sustained the demurrer and that the Court of Civil Appeals erred in not affirming the trial court's judgment dismissing the case.

The record before us is from the second trial of the case. It was first tried during the life of Mr. Blain and the question was raised at that time whether his failure to have a health certificate as required by section one of article 705c of Vernon's Annotated Penal Code barred a recovery by plaintiff under the workmen's compensation act, Vernon's Ann.Civ.St. art. 8306 et seq. Upon the first trial the trial court awarded plaintiff a recovery of workmen's compensation. The Court of Civil Appeals, 135 S.W.2d 745, reversed the judgment on a question of improper argument but, in view of the fact that the question of whether an employee's failure to have a health certificate at the time of his alleged employment under the workmen's compensation law barred a recovery of such compensation was then pending in this Court in the case of Traders & General Insurance Company v. Rogers, Tex.Civ. App., 119 S.W.2d 679, merely reversed the cause, stating it would serve no useful purpose to discuss the question upon that appeal as the Supreme Court would likely decide the question in the Rogers case (which it did) before the Blain case reached the Court of Civil Appeals after a second trial.

The plaintiff in her petition alleged (in addition to the usual facts of jurisdiction and the circumstances under which Mr. Blain sustained injury) that Mr. Blain was injured on May 6, 1938, resulting in his death on April 17, 1939. She further alleged that at the time of his employment in April, 1938, the following:

"He (Mr. Blain) was not infected with or affected by any infectious or contagious disease, *and that he did not have any contagious or infectious disease between the date he began work at the Jones Fine Bread Company and the date of his injury on the 6th day of May, 1938, nor during the time that he was working at the plant of the Jones Fine Bread Company, Inc., during the year 1938.* * * * It is further shown to the Court in this connection that when the deceased W. A. Blain was in-

jured, on the 6th day of May, 1938, he was carried to the hospital and attended and examined by Dr. C. G. Catto, * * * an employee of * * * Service Mutual Insurance Company of Texas, and acting under authority of the * * * Company * * * in making such examination * * *; that the said Dr. C. G. Catto * * * did not find that the said W. A. Blain was suffering from * * * or * * * affected by any contagious or infectious disease, and said doctor made reports of his examination to the * * * Insurance Company * * * within forty-eight hours after the date of the deceased's injury and during the period that * * * Dr. Catto attended and treated the deceased, W. A. Blain, for the next several days after the 6th day of May, 1938. That * * * Dr. Catto was a duly licensed physician, licensed under the laws of the State of Texas and having his license registered in McLennan County, Texas, and * * * was then residing in McLennan County, Texas, at the time of said examination; that thereafter on the 12th day of May, 1938, the said W. A. Blain was examined by Dr. H. Jaworski, a doctor of deceased's selection, a duly licensed physician under the laws of the State of Texas, having his license registered in McLennan County, Texas, and that said doctor found that the said W. A. Blain was not suffering from * * * and was not affected by any contagious or infectious disease, *and that the said fact was learned by the said Service Mutual Insurance Company of Texas prior to the auditing of the payroll of the Jones Fine Bread Company in January of 1939,* as hereinafter alleged; and that the * * * *Insurance Company * * * was informed * * * prior to the audit of Jones Fine Bread Company's bakery for the year 1938 and had knowledge that the said W. A. Blain was not suffering from any contagious or infectious disease at the time of his employment by the Jones Fine Bread Company or at any time during such employment * * *.*

"In this connection it is shown to the court that the deceased, W. A. Blain, was at all times willing to submit to any medical examination required by his employer, Jones Fine Bread Company, *and that he did not intentionally violate the regulatory provision of Chapter 356 of the 45th Legislature, Acts of 1937, Page 707,* hereinafter designated as Article 705c of the Penal Code, *and that his employer, Jones*

*Fine Bread Company, did not intentionally violate the regulatory provision of said Article 705c * * * requiring the employer to require the certificate as hereinbefore alleged."*

The nature of the deceased's, W. A. Blain, employment was also alleged as follows: "That on or about the 6th day of May, 1938, and for several weeks prior thereto, the deceased, W. A. Blain, was working *for the Jones Fine Bread Company, Inc., as a house mechanic; that he was not engaged in handling or making bread, nor making wrapping, slicing, or dispensing bread,* but that his duties were confined to the installing, repairing, and greasing of the machines in said plant, and to the washing, repairing and tending the boilers and furnaces used in connection with said plant, and the fire prevention equipment and ice machines and other machinery used in connection with and in conjunction with said plant." (All italics in this opinion ours.)

The question of law upon which this appeal must turn is stated in the opinion of the Court of Civil Appeals to be whether or not, under the facts alleged by the plaintiff, the failure of the employer (the bakery) to require W. A. Blain to have in his possession a certificate attesting that he had been examined by a physician within one week prior to the time of his employment (such failure being in violation of the then existing provisions of the Penal Code, article 705c) rendered null and void his contract of hire with the bakery *so as to prevent a recovery by Mrs. Blain of workmen's compensation under the Workmen's Compensation Act* and the policy contract. The question as stated is the question presented for our decision.

The present case is controlled by the Rogers case above referred to, as decided by this Court (opin. Com.App., 135 Tex. 149, 139 S.W.2d 784, 785, 128 A.L.R. 1305), in construing the then provisions of article 705, title 12 of the Penal Code. The provisions of that article (subsequently repealed by the act of which article 705c, supra, is a part) are set out in the opinion and are not different in legal effect, so far as the question here presented is concerned, from the applicable provisions of article 705c. In view of this fact and since the pertinent provisions of article 705 appear below in the deleted excerpt from the opinion adopted by this Court in the Rogers case, presently to be analyzed, the pro-

visions of article 705c need not be set out herein.

The essential facts of that case and the question decided, together with the material provisions of article 705, are thus stated in the opinion adopted by this Court:

"Rogers received his injuries while repairing and replacing some floor scales in the dough-mixing room of the bakery. He had been working for the bakery for several months prior to receiving his injuries. It is established without controversy that when he was employed he did not have in his possession a health certificate, and that he was never examined by a physician to determine whether he was suffering from any infectious or contagious disease. *The only question presented for decision is whether or not Rogers was an employee of the bakery within the purview of the definition of that term as contained in the Workmen's Compensation Law * * *:* ' "Employe" shall mean every person in the service of another under any contract of hire, expressed or implied, oral or written, * * *.'

"Art. 705, Title 12 of the penal code, reads in part as follows: 'No person, * * * operating any bakery * * * shall work, * * * or employ any person to work in or about * * * said place who, at the time of his employment had not in his possession a certificate from some reputable physician of the county where said person is to be employed, attesting the fact that the bearer has been examined by such physician within one week prior to the time of employment, and that such examination discloses the fact that such person to be employed was free from any infectious or contagious disease; * * *. Whoever violates any provision of this article shall be fined not less than five nor more than one hundred dollars.' "

It is pointed out at the outset of the opinion that the Court of Civil Appeals in its opinion upon which the writ was granted, announced, upon the authority of several cases by this Court, that *"the right of a claimant to recover workmen's compensation does not rest at all upon the common law, but upon the statutes alone, which both create and measure that right."* The provisions of the compensation statutes are then cited to the effect that by the terms thereof "only employees may be awarded compensation" and that "for one to be an employee he must have been in the service of the insured under a contract of

hire, expressed or implied." Following a discussion of the foregoing pronouncements in the light of the holdings of the courts of this state, and the settled principles announced in other jurisdictions, the conclusion was reached *that the general rule is well settled that where statutes enacted to safeguard the public health contain a prohibition and impose a penalty, all contracts in violation thereof are void.* Following this conclusion it is stated that "an important question of public policy" was involved and that in keeping with the legislative intent in the enactment of the above quoted provisions of the statute, Rogers' alleged contract of hire was void and that for this reason the judgment of the Court of Civil Appeals denying the claim for compensation under the workmen's compensation act should be affirmed. In other words Rogers was not eligible to recover under the workmen's compensation laws because he was not an "employee" within their meaning.

■ It affirmatively appears from plaintiff's allegations that the bakery attempted to enter into a contract of hire with Mr. Blain to work as a workmen's compensation employee in and about its place of business where it was engaged in manufacturing food, and that while he was working under such alleged employment he sustained an injury without having a health certificate as required by article 705c of the Penal Code. In the Rogers case the alleged contract of employment was declared void, and it is pointed out in the opinion that for this reason he was not an employee within the purview of the workmen's compensation laws. Since Mr. Blain was likewise not such employee, Mrs. Blain, who is seeking in this suit an award of workmen's compensation on behalf of herself and children as his beneficiaries under the workmen's compensation laws, is not entitled to a recovery of such compensation, and the Court of Civil Appeals erred in not affirming the judgment of the trial court.

■ In the light of the settled law upon the question involved it is obvious that plaintiff's contention that the provision of the Penal Code with respect to a failure on Mr. Blain's part to have the required certificate is merely regulatory, cannot be sustained. The provision is a vital part of a statute enacted to safeguard the public health. The statutory requirement as applicable to this case is not merely

that a person who works in and about the place where food is manufactured shall not, prior to or at the time of his employment and while he is working under such employment, be free from infectious or contagious disease; but the requirement is that no person operating such a place shall work, or employ any person to work in or about the place who *"at the time of his employment had not in his possession a certificate"* procured as provided by the statute and attesting, among other facts, that the required examination by a physician (made within one week prior to employment) discloses that the person *"to be employed"* was free from any infectious or contagious disease. In view of the statutory requirement it is obvious that the allegations of the petition to the effect that Mr. Blain was at all times free from such disease, and did not intentionally violate the provision referred to, and that he was employed to work as a house mechanic and was not engaged in handling or making bread, and that the insurance company knew prior to the audit of the bakery's wage accounts on which premiums were paid for Mr. Blain to the company were based,—all these allegations (which are made the basis of plaintiff's contentions herein) are unavailing to bring the petition from under the holding that Mr. Blain was not an employee of the bakery within the purview of the workmen's compensation laws, and that his beneficiaries cannot recover compensation measured thereby. For authority in addition to the Rogers case, and especially on the question of estoppel urged by plaintiff in connection with the allegation relating to the insurance company's collection of premiums from the bakery paid by it on the basis of Mr. Blain's wages, see Southern Surety Co. v. Inabnit, 119 Tex. 67, 24 S.W.2d 375. To uphold any of the contentions made by plaintiff, including that of estoppel, would obviate the necessity of compliance by the employer and employee with the statutory requirements discussed, and thwart the legislative purpose in enacting them in an effort to safeguard the public health.

■ We deem it unnecessary to discuss Southern Casualty Co. v. Morgan, Tex. Com.App., 12 S.W.2d 200, Id., Tex.Civ. App., 299 S.W. 476 and Southern Underwriters v. Jones., Tex.Civ.App., (er. dis. judg. cor.), 125 S.W.2d 393 (the only cases cited by the Court of Civil Appeals in support of its holding), since neither case involved the violation by either an employer or employee of a provision of a penal statute designed to protect the public health. Furthermore, both cases were decided prior to the decision of the Rogers case by this Court, which, although not stated in the opinion, had the effect of overruling any statements in prior cases not consistent with its holding on the single question there decided.

No comment upon the statement in the opinion of the Court of Civil Appeals as to what the law could be in event the present case was a common law action against Mr. Blain's employer is deemed necessary further than to say this suit is not, and is not claimed by the beneficiary to be, such an action.

The judgment of the Court of Civil Appeals reversing and remanding the cause is reversed and that of the trial court is affirmed.

Opinion adopted by the Supreme Court.