

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 11, 1951

Hon. F. L. Garrison
County Attorney
Upshur County
Gilmer, Texas

Opinion No. V-1174

Re: Necessity for food
handlers of a high
school band mothers'
club to possess health
certificates.

Dear Mr. Garrison:

Your request for an opinion is in part as follows:

"Some of the mothers of students in the Gilmer High School Band have organized what they call 'Band Mother's Club.' This club prepares cakes, pies, sandwiches, coffee and various other foods, and sells them at football games, basketball games and other school functions.

"Doctor Daniels (the county health officer) tells me that for a while, all persons who handled the food secured health certificates. However, they now refuse to do so. I am of the opinion that Article 705c of the Penal Code includes such an organization. . . .

"I should appreciate a ruling from you as to whether such an organization as mentioned above should be made to comply with the provisions of the quoted article."

Article 705c, V.P.C., provides in part:

"Sec. 1. No person, firm, corporation, common carrier or association <u>operating, managing, or conducting</u> any hotel or any other public sleeping or eating place, or any place or vehicle where food or drink or containers therefor, of any kind, is manufactured, transferred, prepared, stored, packed, served, sold or otherwise handled in this State, or any

manufacturer or vendor of candies or manufactured sweets, shall work, employ, or keep in their employ, in, on, or about any said place or vehicle, or have delivered any article therefrom, any person infected with any transmissible condition of any infectious or contagious disease, or work, or employ any person to work in, on, or about any said place, or to deliver any article therefrom, who, at the time of his or her employment, failed to deliver to the employer or his agent, a certificate signed by a legally licensed physician, residing in the county where said person is to be employed, or is employed, attesting the fact that the bearer had been actually and thoroughly examined by such physician within a week prior to the time of such employment, and that such examination disclosed the fact that such person to be employed was free from any transmissible condition of any infectious or contagious disease; or fail to institute and have made, at intervals of time not exceeding six months, actual and thorough examinations, essential to the findings of freedom from communicable and infectious diseases, of all such employees, by a legally licensed physician residing in the county where said person is employed, and secure in evidence thereof a certificate signed by such physician stating that such examinations had been made of such person, disclosing the fact that he or she was free from any transmissible condition of any communicable and infectious diseases.

"...

"Sec. 4. The failure of any person, firm, corporation, common carrier or association engaged in any of the businesses described in this Act, to display at the place where any of the operations of such businesses are being conducted, a valid health or registration certificate, as required by this Act, for each person employed in, on, or about such place, shall be prima facie evidence that the said person, firm, corporation, common carrier or association,

in violation of requirements called for by
this Act, failed to require the exhibition
of the pre-employment health certificate,
of such person and failed to institute and
have made of such person, actual and thor-
ough examinations necessary to the findings
of freedom from communicable diseases at
intervals of time not exceeding six months."
(Emphasis added.)

The dominant purpose and intent of the Legis-
lature in the enactment of Article 705c was to prevent
persons affected by any infectious or contagious dis-
ease from handling or coming in contact with food to the
detriment of public health. In order to accomplish that
highly desirable end, it was provided that no person who
was engaged in the operation of certain establishments
therein described should employ or keep in his employ
any person or persons infected with, or affected by any
infectious or contagious disease. Blain v. Service Mut.
Ins. Co. of Texas, 159 S.W.2d 538 (Tex.Civ.App. 1942, re-
versed on other grounds, 140 Tex. 541, 168 S.W.2d 854 (1943).

In Service Mut. Ins. Co. v. Blain, 140 Tex. 541,
168 S.W.2d 854, 857-858 (1943), the court said:

"The provision is a vital part of a stat-
ute enacted to safeguard the public health.
The statutory requirement as applicable to
this case is not merely that a person who
works in and about the place where food is
manufactured shall not, prior to or at the
time of his employment and while he is work-
ing under such employment, be free from in-
fectious or contagious disease; but the
requirement is that no person operating
such a place shall work, or employ any per-
son to work in or about the place who 'at
the time of his employment had not in his
possession a certificate' procured as pro-
vided by the statute and attesting, among
other facts, that the required examination
by a physician (made within one week prior
to employment) discloses that the person
'to be employed' was free from any infec-
tious or contagious disease."

In Attorney General's Opinion O-2429 (1941),
relating to Article 705c, V.P.C., a copy of which is en-
closed for your consideration, it is said:

"We do not believe the statute suffi-
ciently denounces the act or omission of
the employer in failing to obtain a physi-
cal examination of his own person or in
failing to display his own health certifi-
cate so as to create an offense as to him.
Nor do we believe, as we shall later point
out, that such was the intent of the Leg-
islature.

" . . .

"The intent of the Legislature is of
paramount importance in construing a stat-
ute, and the conclusion reached in the pre-
ceding paragraph is strengthened by looking
to the emergency clause of House Bill 142,
Acts 1939, 46th Legislature, Ch. 8, p. 231.
This is an amendatory enactment, but each
act of the Legislature since 1921 dealing
with the same subject matter has had the
same or a similar emergency clause. See
Sec. 7, Acts 1921, 37 Leg., Ch. 66, p.
134; Sec. 4, Acts 1937, 45th Leg. ch. 356,
p. 707. This clause reads in part as fol-
lows:

"'Sec. 2. Emergency Clause. The fact
that many food and drink establishments and
factories are not required under the present
law to have their employees examined or se-
cure health certificates * * *.' (Underscor-
ing ours.)

"Thus is appears that the primary in-
tent of the legislature was to reach em-
ployees of food and drink establishments.
Consequently, it is the opinion of this de-
partment and you are respectfully advised
that Article 705c, Vernon's Annotated Penal
Code, does not create an offense as to a
proprietor of a food and drink establishment
for the failure of such proprietor to have
an examination of his person made by a phy-
sician for the purpose of determining freedom
from infectious or communicable disease or
for failure to display his own health certif-
icate in his establishment."

The Legislature could have made the statute broad enough to cover band mothers' clubs, which sell food and drinks at football games, church groups which serve food to church suppers, and other civic groups which engage in such activities without employees or established businesses.  However, the Legislature did not choose to make the law that broad and inclusive. In our opinion, the statute refers only to established businesses and employees engaged in such businesses. It is our opinion that Article 705c, V.P.C., does not apply to the Band Mothers' Club of Gilmer High School and that such mothers or others selling food and soft drinks for them at football games are not required to obtain health certificates under such act.

## SUMMARY

Article 705c, V.P.C., requiring physical examinations and health certificates for employees of businesses manufacturing, preparing, selling, or otherwise handling food or drinks or containers therefor, does not apply to a band mothers' club of a high school selling food and soft drinks at football games.

APPROVED:

J. C. Davis, Jr.
County Affairs

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

Yours very truly,

PRICE DANIEL
Attorney General

By Burnell Weldrep
Burnell Weldrep
Assistant

BW:mw