J. C. ROGERS V. TRADERS & GENERAL INSURANCE COMPANY.

No. 7496. Decided May 15, 1940.
Rehearing overruled June 26, 1940.
(139 S. W., 2d Series, 784.)

150

*Houtchens & Houtchens, Ardell M. Young,* and *J. Harold Craik,* all of Fort Worth, for plaintiff in error.

Since Article 705 of the Penal Code is merely regulatory in its nature, providing for a fine to be imposed upon an employer who violates the same, but contains no provision rendering a contract of employment void where the employer violates the provisions thereof, one working for an employer who has not complied with the statute will not be denied workmen's com-

pensation benefits upon the theory that his contract of hire is invalid, but will be permitted to recover under the act. Texas Emp. Ins. Assn. v. Tabor, 274 S. W. 309; Hennessy v. Automobile Owners' Ins. Assn., 282 S. W. 791; Hartford Fire Ins. Co. v. Galveston & S. A. Ry. Co., 239 S. W. 919.

*Lightfoot, Robertson, Gano & Johnston,* of Fort Worth, for defendant in error.

A servant who has failed to comply with the statutes under which he is required to do a certain thing, as a qualification for fulfilling the employment for which he was engaged, is not an employee and his alleged contract of employment is void. Oil Men's Reciprocal Assn. v. Franklin, 286 S. W. 195; Gilley v. Aetna Life Ins. Co. 35 S. W. (2d) 136; Smeltzer v. McCrory, 101 S. W. (2d) 850.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

This is a Workmen's Compensation case. The Industrial Accident Board denied the claim of plaintiff in error, J. O. Rogers, for compensation; the district court rendered judgment in his favor against defendant in error for $7,398.39 as a lump-sum settlement for total incapacity; and the Court of Civil Appeals reversed that court's judgment and rendered judgment that he take nothing. 119 S. W. (2d) 679.

The policy of compensation insurance was issued by defendant in error to George Kojan, doing business as New York Bakery. Rogers received his injuries while repairing and replacing some floor scales in the dough-mixing room of the bakery. He had been working for the bakery for several months prior to receiving his injuries. It is established without controversy that when he was employed he did not have in his possession a health certificate, and that he was never examined by a physician to determine whether he was suffering from any infectious or contagious disease. The only question presented for decision is whether or not Rogers was an employee of the bakery within the purview of the definition of that term as contained in the Workmen's Compensation Law. Art. 8309, sec. 1, R. S. 1925, reads in part as follows:

" 'Employee' shall mean every person in the service of another under any contract or hire, expressed or implied, oral or written, * * *"

Art. 705, Title 12 of the Penal Code, reads in part as follows:

"No person, firm, corporation or common carrier, operating or conducting any hotel, cafe, restaurant, dining car or other public eating place, or operating any bakery or meat market, public dairy or candy factory in this State, shall work, employ or keep in their employ in or about any said place any person infected with or affected by any infectious or contagious disease, or work or employ any person to work in or about any said place who, at the time of his employment had not in his possession a certificate from some reputable physician of the county where said person is to be employed, attesting the fact that the bearer has been examined by such physician within one week prior to the time of employment, and that such examination discloses the fact that such person to be employed was free from any infectious or contagious disease; or fail to institute and have made a medical examination of all their employees at intervals of time not to exceed six months and after such examination promptly discharge from their employment in or about any said place any person found to be infected with or affected by any infectious or contagious disease. Whoever violates any provision of this article shall be fined not less than five nor more than one hundred dollars."

■ As has been often stated in the opinions of our courts, the right of a claimant to recover workmen's compensation does not rest at all upon the common law, but upon the statutes alone, which both create and measure that right. The authorities cited in the opinion of the Court of Civil Appeals announce that principle. They are: Oilmen's Reciprocal Ass'n. v. Franklin, 116 Texas 59, 286 S. W. 195; Mingus v. Wadley, 115 Texas 551, 285 S. W. 1084; Employers' Indemnity Corporation v. Woods, Tex. Com. App., 243 S. W. 1085; Middleton v. Texas Power & Light Co., 108 Texas 96, 185 S. W. 556; Buchanan v. Maryland Casualty Co., 116 Texas 201, 288 S. W. 116.

■ Only employees may be awarded compensation under the statutes, and by Art. 8309, supra, for one to be an employee he must have been in the service of the insured under a contract of hire, expressed or implied. That provision of the statute was construed by this court in the case of Texas Employers' Insurance Ass'n. v. Tabor (Com. App.), 283 S. W. 779. The injuries for which Tabor sought compensation in that case were sustained by him on Sunday, and the Insurance Company defended upon the theory that, since the work he was doing on Sunday was made a penal offense by certain articles of our

Penal Code, the contract of hire to perform such work on Sunday was in violation of such penal statute and could not therefore be made a basis for recovery.

■ The Court of Civil Appeals (274 S. W. 309) overruled the contention of the Insurance Company upon the ground that the breach of the Sunday law was not the efficient or contributing cause of Tabor's injuries. This Court refused to adopt the reasoning of the Court of Civil Appeals, but announced the proposition that, while the principle of proximate cause is of vital importance in common law negligence cases, it has no application to workmen's compensation cases. But upon the question with which we are here concerned the court employed this clear language:

"It is not every mutual agreement that makes a lawful contract. The law will not enforce an agreement to do that which the same law says shall not be done. It would, therefore, be anomalous, indeed, if the law were to sanction contracts which violate the law. The law prohibiting the end will not lend its aid in promoting the means designed to carry it into effect.

"Now, the very right of defendant in error to recover as an employee of Fulwiler Motor Company depends upon his showing that he was in the service of that company under a 'contract of hire,' for, unless there is a 'contract of hire,' he is not an employee within the meaning of the Workmen's Compensation Act. Vernon's Texas Civil Statutes, 1918 Supplement, Art. 5246-82. If the agreement between the motor company and defendant in error was void, then there was no contract, and, of course, no employer or employee. In such a case it is not a question of proximate cause with respect to the injury, but, rather, it is a question of contract or no contract."

On the theory, however, that the contract did not necessarily contemplate the performance of the work on Sunday and that it should be so construed, the court refused to sustain the assignment of error complaining of the refusal of the trial court to instruct a verdict for the Insurance Company.

■ That construction of the statute has not been overruled or modified by this Court. Neither has the Legislature repealed, modified or otherwise changed the language of that portion of the definition of employee above quoted. The Tabor case was cited by Judge (now Justice) Critz in Gorman v. Gause, 56 S. W. (2d) 855, as supporting the conclusion, there announced, that a contract cannot control or limit the provisions of a statute. There can be no question but that the principle an-

nounced in the Tabor case, above quoted, is the settled law in this State.

Our inquiry is thus reduced to this: Was the contract of hire invalid? It cannot be announced as a rule applicable in all cases that a contract made in violation of a statute is void. Each statute must be construed with the view of ascertaining the legislative intent. One of the leading cases upon that question in this jurisdiction is American National Insurance Company v. Tabor, 111 Texas 155, 230 S. W. 397. That was a suit upon a policy of life insurance instituted by the beneficiary named therein. It was claimed that the insurance company discriminated in favor of the insured with respect to premiums charged for the policy. The statute imposed a penalty upon insurance companies for making or permitting any such discrimination. The violation of the act by the company was made a misdemeanor and, as an additional penalty, it was provided that the company's authority to do business in the State and its agent's license for one year might be forfeited. The opinion was built upon this statement made therein: "The effect of the statute on the forbidden contract depends on the legislative intent." The court construed the entire legislative act and announced the conclusion, with which we are in complete accord, that the violation thereof by the insurance company did not operate to make the policy void. The provision of the act that the policy should be incontestible after two years negatived an intent by the Legislature to make it void ab initio.

The court based its decision in that case upon still another ground. That ground was that it would not be in accord with the ends of justice or with the public policy declared by the act to permit insurance companies to issue discriminatory policies and collect and retain premiums thereon and then refuse payment after the death of the injured. In the instant case sound public policy is decidedly not on the side of the enforcement of the contract, but is on the opposite side.

It seems desirable to inquire into the result of permitting recovery in a case of this character. If Rogers was an employee of Kojan within the purview of the Workmen's Compensation Law, then Kojan could have successfully defended common law action brought by Rogers against him for damages based upon his ordinary negligence on the ground that he had protected himself from liability by procuring this policy of insurance. Thus would Kojan be permitted to profit by his own inexcusable violation of the law, a result which could not be justified.

Pursuing the matter still further, we find that the precise question here presented for decision was before the court in

the case of Montgomery-Ward & Co. v. Lusk, 52 S. W. (2d) 1110 (writ of error refused). That was a suit by Mrs. Lusk to recover for 202 hours of work in excess of the limit of time fixed by Article 1569 of the Penal Code. She had performed the work and her suit was for wages. The real question for decision in that case was this: Was there a contract of hire bringing into existence the relation of employer and employee? The statute there construed, as well as the one here under review, did not impose a penalty on the employee for its violation, but that was held to be an immaterial matter. It did impose a penalty on the employer. It was pointed out that the statute was a police regulation intended for the protection of the public health, and that that fact made it distinguishable from other statutes of a somewhat similar nature. A recovery on the contract was accordingly denied. The Supreme Court, by refusing an application for writ of error in that case, approved that holding, and by so doing decided the precise question presented in this case. Justice Greenwood, who wrote the opinion in the case of Ins. Co. v. Tabor, participated in the order refusing that writ, recognizing, as we do, a distinction between the two cases.

The principle there announced has been recognized in other jurisdictions. In an opinion by the Supreme Court of Michigan in the case of Cashin v. Pliter, 168 Mich. 386, 134 N. W. 482, it is stated:

"The general rule is well settled that, where statutes enacted to protect the public against fraud or imposition, or to safeguard the public health or morals, contain a prohibition and impose a penalty, all contracts in violation thereof are void. Pollock's Principles of Contract, 293; Drury v. Defontain, 1 Taunt. 136; Meyers v. Meinrath, 101 Mass. 366, 3 Am. Rep. 368; Lyons v. Armstrong, 6 Ver. 219; Harris v. Runnels, 12 How. 79, 13 L. Ed. 901; Gibbs v. Gas Co., 130 U. S. 396, 9 Sup. Ct. 553, 32 L. Ed. 979; Miller v. Ammon, 145 U. S. 421, 12 Sup. Ct. 884, 36 L. Ed. 759, and cases cited."

The same rule was announced by the Court of Appeals of Louisiana in the case of Watkins v. Brown, 13 La. App., 244, 126 So. 587. In 12 Am. Jur., Contracts, sec. 163, it is stated:

"It appears that all courts agree that where a statute was enacted to protect the public against fraud or imposition or to safeguard the public health or morals, an agreement in violation thereof is ordinarily void."

■ That is a sound and wholesome principle and a strict adherence thereto will promote the public good. An important question of public policy is involved, and the Legislature has determined the policy of this State in that regard. It could hardly be thought that the Legislature would have enacted a Workmen's Compensation Law, not only for the benefit of industry and employees, but for the public benefit as well, and at the same time have intended that it should be made applicable to persons whose contracts of hire were forbidden by law. More particularly is this true when, as here, the statute violated by the contract of hire was enacted for the protection of the public health. We cannot ascribe such an intent and purpose to the Legislature.

It is accordingly directed that the judgment of the Court of Civil Appeals be affirmed.

Opinion adopted by the Supreme Court May 15, 1940.

Rehearing overruled June 26, 1940.