### FORT WORTH LLOYDS v. ROBERTS et al.

### No. 14271.

Court of Civil Appeals of Texas.
Fort Worth.
Sept. 19, 1941.

Rehearing Denied Oct. 24, 1941.

Martin, Moore & Brewster and Harris Brewster, all of Forth Worth, for appellant.

Chester B. Collins, of Fort Worth, for appellees.

SPEER, Justice.

This is an appeal by Fort Worth Lloyds, a corporation, compensation insurance carrier, from a judgment in favor of Katie Roberts and others, beneficiaries of Ira G. Roberts, who is alleged to have died from accidental injuries sustained while in course of employment by Modern Laundry, Inc.

Appellant instituted the suit to set aside an award of the Industrial Accident Board, and appellees responded by cross action to recover as such beneficiaries. The case was tried to a jury and appellees were awarded judgment on the cross action, from which the appeal is prosecuted by the appellant, insurance carrier.

Insofar as is necessary to state the pleadings upon which the trial was had, allegations were made in the cross petition that at the time Ira G. Roberts received the accidental injuries from which he died about a year later, he was in the employ of Modern Laundry, Inc., and that appellant was at that time carrying compensation insurance on the employees of the employer, including the said Ira G. Roberts. Wage rate was properly alleged and that appellees were the surviving beneficiaries entitled to receive compensation under the law for 360 weeks.

Appellant defended against the cross action by general denial and special pleas. Among the special defenses urged was one to the effect that deceased was not such an employee of the Modern Laundry, Inc., as was covered by the compensation insurance, for the reason that at the time of receiving the injuries complained of, he was engaged in illegal work which was called for and required by his purported contract of employment, in that the City of Fort Worth had passed and put into effect an ordinance prohibiting any person from doing plumbing work within said city limits without having first obtained a license therefor from the City of Fort Worth; that said ordinance prescribed a penalty against persons who violated it and that a copy of said ordinance was attached to the answer and made a part thereof. The attached ordinance is in printed pamphlet form and consists of about sixty pages, independent of index and other matters unnecessary to discuss.

Appellant has brought into its brief 91 assignments of error, but has predicated its appeal upon propositions germane to only a limited number of those assignments. The two assignments of error which we think are controlling, are, substantially, (1) the court erred in overruling appellant's motion for judgment non obstante veredicto, and (2) the court erred in overruling appellant's motion for an instructed verdict.

The uncontradicted and undisputed evidence reveals that for eight or ten years prior to the time Ira G. Roberts (deceased) received his injuries on June 3, 1938, he was employed by Modern Laundry, Inc. That the laundry plant was within the corporate limits of the City of Fort Worth and had for a number of years prior to the last mentioned date and at that time used a great deal of water piped to the plant from both the City water supply and from its own wells on the premises. In addition to the water supply, many pipes and fittings were used to convey steam into the

plant. As a part of deceased's duties as such employee he did all pipe fitting, repairs and changes necessary in the water and steam conveyancers; when any part of it was too heavy for him to do alone, he was furnished helpers. Other duties enjoined upon him were to operate the boilers and attend to such matters as arose in the boiler room; this it was said required perhaps sixty per cent of his time. The water in the plant was used for general purposes, such as supplying the washing machines, drinking purposes and the toilets; all waste water went into the City's sewage system. On the date of the injury, deceased was engaged in disconnecting a large water pipe from an old water well which had become unusable, and connecting it with a new well which had just been completed by the company. A heavy timber fell from some point above him and struck him on the head, inflicting a serious injury; whether or not this was the cause of his subsequent death about a year later was a controverted fact.

In March, 1938, three or four months prior to the date of deceased's injury, the City of Fort Worth passed and put into effect a very comprehensive ordinance known as No. 1988, "Regulating the installation of pipe, fittings and fixtures for water, sewage, natural or artificial gas * * *." The ordinance created the office of Inspector of Plumbing and described the duties of such Inspector. It declared it to be unlawful for any person or persons to engage in the business of plumbing or gas fitting, "or do or perform any plumbing or gas fitting as described in this ordinance without first having procured the necessary license as hereinafter provided for."

The ordinance declared its purpose and intent to be for the immediate preservation of public health, the safety of property and to regulate and control the construction, erection, enlargement, alteration, repair, removal and maintenance of all piping, fitting, fixtures, etc., used for conducting water, sewage and gas in or on any and all premises within the corporate limits of the City.

A penalty was prescribed against all persons violating its provisions, and the penalty was made to apply against all persons, firms and corporations who permitted any unlicensed plumber or gas fitter to do such work without a license therefor. The premises were within the limits of the City and deceased had no license as a plumber, nor

permit to do the work in which he was engaged at the time of the accident.

The Workmen's Compensation Act, Rev.St.1925, art. 8306 et seq., of this State does not cover and protect persons unless they are laboring under a valid contract, either express or implied. "A contract which has for its purpose the violation of a law cannot be valid. It is void. * * * It is not every mutual agreement that makes a lawful contract. The law will not enforce an agreement to do that which the same law says shall not be done. It would, therefore, be anomalous, indeed, if the law were to sanction contracts which violate the law. The law prohibiting the end will not lend its aid in promoting the means designed to carry it into effect." Texas Employers' Ins. Ass'n v. Tabor, 283 S.W. 779, 780, by Commission of Appeals, adopted by the Supreme Court.

The above cited case was quoted from by the Supreme Court in Rogers v. Traders & General Ins. Co., 135 Tex. 149, 139 S.W.2d 784, 128 A.L.R. 1305. In the Rogers case, supra, the injured employee was denied compensation for accidental injuries received while repairing equipment in a bakery when he held no health certificate. He was acting in violation of Article 705 of the Penal Code of Texas. What was said in that case is the settled law of Texas and we can add nothing to the language of the Supreme Court as there expressed. We also refer to authorities set out in that opinion.

Without dispute in the evidence, Ira G. Roberts received the injuries from which the appellees claim he died, while performing a duty for his employer, in violation of the penal ordinances of the City of Fort Worth; hence, he could not have been at that time performing a duty in the course of his employment under a valid contract. We do not believe that the fact Roberts had other duties to perform for his employer, under the purported contract of employment, would alter the rule stated. A similar situation, under the facts, existed in the case of Rogers v. Traders & General Ins. Co., supra. That case was before this court, Traders & General Ins. Co. v. Rogers, 119 S.W.2d 679, and although not discussed in the opinion, the employee had other duties to perform for his employer, but he was injured while performing labor in violation of law, just as was deceased in the instant case.

In view of the conclusions reached and expressed herein, we hold that the trial court should have given the requested peremptory instruction, and having declined to do so, should have sustained the motion of appellant to enter judgment non obstante veredicto. We deem it unnecessary to discuss other propositions and assignments of error presented.

 No reason exists why this case should be remanded for another trial. Under the undisputed facts, there is an insurmountable barrier between appellees and recovery. We therefore reverse the judgment of the trial court and render judgment for appellant.

Reversed and rendered.

McDONALD, C. J., not sitting.