## REID v. ASSOCIATED EMPLOYERS LLOYDS.

No. 14414.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 4, 1942.

Rehearing Denied Oct. 2, 1942.

Eugene Sherrod, Jr., of Wichita Falls, for appellant.

Bullington, Humphrey & Humphrey, of Wichita Falls, for appellee.

McDONALD, Chief Justice.

This is a compensation suit. The pleadings and proof establish that plaintiff had for a considerable period of time been employed as a truck driver for a concern handling fruits, vegetables and other food products. Plaintiff was injured while unloading a keg of beer. By testimony offered by defendant, which is undisputed, it is shown that plaintiff did not at any time material herein have a health certificate, such as is required by what is commonly referred to as Art. 705c of Vernon's Annotated Penal Code. Plaintiff appeals from a judgment non obstante veredicto, rendered apparently upon the theory that an instructed verdict should have been granted because of the undisputed proof that plaintiff did not have the health certificate required under the circumstances mentioned.

In Rogers v. Traders & General Ins. Co., 135 Tex. 149, 139 S.W.2d 784, 128 A.L.R. 1305, it was held that the employee, due to his failure to have a health certificate, was not an employee within the purview of the Workmen's Compensation Act, and was therefore not entitled to compensation. A writ of error was refused by the Supreme Court in another case where a somewhat similar holding was made by this court. Fort Worth Lloyds v. Roberts, Tex. Civ.App., 154 S.W.2d 882.

Plaintiff urges that defendant is not entitled to assert the defense established by the holdings mentioned, on the ground that defendant did not plead the illegality involved. Our new Texas Rule of Procedure No. 94 provides in part:

"Rule 94. Affirmative Defenses. In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. * * *"

Defendant's pleadings contain no allegations directly referring to the lack of a health certificate. Defendant contends, however, that the issue relating thereto is raised by the allegation contained in its answer to the effect that: "* * * plaintiff at the time he claims to have received the injury sued upon, was not an employee of Ben E. Keith Company, as contemplated and provided under the compensation laws of this state."

The Rogers case, supra, was decided by this court. Traders & General Insurance Co. v. Rogers, Tex.Civ.App., 119 S.W.2d 679. We have again examined the record in that case, and find that the employee there contended that the insurer had not raised the issue relating to the health certificate in its pleadings. In the opinion of the Commission of Appeals, adopted by the Supreme Court, 139 S.W.2d at page 785, it is said:

"The only question presented for decision is whether or not Rogers was an employee of the bakery within the purview of the definition of that term as contained in the Workmen's Compensation Law."

In Galloway v. Lumbermen's Indemnity Exchange, Tex.Com.App., 238 S.W. 646, it was held that the insurer could, without special pleading of the fact of illegal employment, defend on the ground that the employment of a minor was invalid under the law then in force.

In Montgomery Ward & Co. v. Lusk, Tex.Civ.App., 52 S.W.2d 1110, writ of error refused, the plaintiff sued for wages alleged to be due her. The plaintiff's pleadings and proof showed that she had entered into a contract to work more than nine hours per day, in violation of Art.

1569 of the Penal Code. The court held that she could not recover, even though the statute in question imposed no penalty upon the employee for its violation, the court saying that when the illegality of the contract appeared, it was the duty of the court to at once decline to enforce it.

These holdings indicate to our minds that it was unnecessary, before the effective date of our new rules of procedure, to plead specially the illegality resulting from the lack of the health certificate. The question for determination then is whether the new rules of procedure have wrought a change in this respect.

The purpose of Rule 94 is indicated forcibly by the provision that a party must affirmatively plead certain named defenses, and "any other matter constituting an avoidance or affirmative defense". That purpose is to require the defendant to announce in his pleadings what his defense will be, if it includes any of the matters referred to in the Rule, and to give plaintiff the opportunity of knowing what character of proof he may need to meet the defenses pleaded. Rule 45 appears to require that all pleadings give fair notice to the opposite party.

While it is true that the language of the opinions cited above is to the effect that one who does not have the required health certificate is not an employee within the purview of the Workmen's Compensation Laws, Vernon's Ann.Civ.St. art. 8306 et seq., such expressions may be misleading. It is going too far to say that such an employee is not an employee in any sense of the word. The essence of these holdings is that the employee is not permitted, for reasons of public policy, to assert such a status or to recover by reason of such a status. It is the illegality in the transaction which deprives him of a recovery. An allegation that he was not an employee as contemplated and provided in the compensation laws did not, in our opinion, give fair notice that defendant would seek to prove that plaintiff did not have a health certificate. It was not disputed that plaintiff was an employee of Ben E. Keith Co. Plaintiff of course knew that he was regularly employed by this concern, and doubtless considered that he could easily prove that he was an employee. It was not incumbent upon plaintiff, either by pleading or proof, to negative every possibility of illegality which might deprive him of his right to

compensation. If there existed in the transaction some character of illegality which would constitute a defense to the suit, the burden was upon the defendant to plead and prove it, unless it was such as would necessarily appear from plaintiff's presentation of his case.

The case was tried in the court below after the effective date of the new rules of procedure. The verdict of the jury was favorable to plaintiff. Defendant, the appellee here, has filed no such points of error as are provided for in Rule 324. Under the rule stated by the Supreme Court in Le Master v. Fort Worth Transit Co., 160 S.W.2d 224, the judgment of the trial court would ordinarily be reversed, and judgment here rendered in favor of plaintiff upon the verdict of the jury. However, this being a case arising under the Workmen's Compensation laws, under which it is the duty of the trial court to determine the matter of the fee of plaintiff's attorney, the judgment of the trial court is reversed, and the cause is remanded to the trial court with instructions to render judgment upon the verdict of the jury.