**HAM v. BLANKENSHIP et al.**

No. 13686.

United States Court of Appeals
Fifth Circuit.

Feb. 12, 1952.

Rehearing Denied March 6, 1952.

A. B. Hankins, Amarillo, Tex., for appellant.

A. J. Folley, E. H. Foster, and C. J. Roberts, all of Amarillo, Tex., J. B. Dudley, Loyd Benefield, Oklahoma City, Okl., for appellee.

Before HOLMES, RUSSELL and RIVES, Circuit Judges.

RUSSELL, Circuit Judge.

This appeal arises from a suit to recover possession and remove cloud upon title instituted in the trial Court by appellant, a citizen of Texas, against the appellees, citizens and corporations of other States. Right to relief was based upon the claim that two mineral deeds dated July 27, 1926, executed by appellant's father and mother, under which appellees claim to derive title, are void because secured by the grantees in a transaction in violation of the Blue Sky Laws of Texas. Article 579 et seq., Revised Civil Statutes of Texas, 1925; Article 1071 et seq., Penal Code, 1925. The only issue of law, i. e., whether the deeds were "void" or "voidable", was presented to the trial Court by plaintiff's motion for summary judgment. The

Court adjudged that the instruments under attack were "not void", denied plaintiff's motion for summary judgment, granted that of the defendants, and dismissed the action. Appellant likewise expressly restricts the issue upon this appeal. In his brief, he "here now admits, as he did in the trial court, that if said deeds are not void, but voidable only, the defenses urged by appellees are good." As the case is submitted and argued, we understand the appellant to use the term "void" in that sense which signifies an utter nullity, having no effect, and conferring no rights whatever.

Upon the call of the case for argument here, counsel for appellant admitted he could not prevail against appellee Phillips Petroleum Company, since it was "an innocent purchaser for value, without notice."

■ Appellant's main reliance is placed upon the language of Kadane v. Clark, 135 Tex. 496, 143 S.W.2d 197, 200, opinion by Justice Sharp. [1] Counsel state "The only question in this appeal is to determine in what sense Justice Sharp used the term 'void' in the Kadane case." It is argued that since the Justice cited, in support of his statement that contracts in violation of the statute are "void", authorities from other jurisdictions this evidences the adoption by the Texas Court of the construction given contracts prohibited by the Blue Sky Laws of such other States in other cases and upon other facts. It overlooks the well accepted rule that expressions of a Court must be interpreted and applied in the light of the issues and facts then before the Court for review and decision. We think that in the Kadane case the Court ruled only that the illegal contract was "void" in the sense that the Court would not lend its aid to a guilty party seeking to enforce it,—that in such a suit the contract was not "enforcible", or, as there asserted by the defendants, was "invalid". Each of the cases there cited involved efforts to recover on, or to enforce the performance of, illegal contracts by participants in the illegality. They are representative of that class of numerous cases in which Courts have universally refused to aid either party to the illegal contract. This is also the point ruled in the Texas cases cited in the Kadane case, supra, and the text of 17 C.J.S., Contracts, § 272, page 656, which is also referred to.

■ It is clear that the precise illegality which rendered the contract in the Kadane case "void" is not present here. The Securities Act of Texas (House Bill No. 521, 44th Legislature, 1935—Vernon's Civil Statutes, Article 600a, Vernon's Penal Code, Article 1083a) which carried forward the provisions of the Blue Sky Law, supra, has been held to relate only to sales and sellers of securities, and not to purchasers, in which latter class was plaintiff's ancestor. Herren v. Hollingsworth, 140 Tex. 263, 167 S.W.2d 735. See also Fowler v. Hults, 138 Tex. 636, 161 S.W.2d 478. This must be true, else plaintiff would be barred by the very principle announced in the Kadane

1. The particular excerpt relied upon is as follows: "The State has the power to enact statutes to protect the public from fraud and imposition, prohibiting certain things from being done and imposing a penalty. The great weight of authority sustains the rule that the legislature has the power to enact such laws, *and that all contracts in violation thereof are void.* Rogers v. Traders & General Ins. Co., [135] Tex. [149], 139 S.W.2d 784, 128 A.L.R. 1305; Pollock's Principles of Contract, 293; Drury v. Defontain, 1 Taunt. 136; Myers v. Meinrath, 101 Mass. 366, 3 Am.Rep. 368; Lyon v. Strong, 6 Vt. 219; Harris v. Runnels, 12 How. 79, 13 L.Ed. 901; Gibbs v. Consolidated Gas Co., 130 U.S. 396, 9 S.Ct. 533 [553], 32 L.Ed. 979; Miller v. Ammon, 145 U.S. 421, 12 S.Ct. 884, 36 L.Ed. 759, and cases cited; Cashin v. Pliter, 168 Mich. 386, 134 N.W. 482, Ann.Cas.1913C, 697; Shattuck v. Watson, 164 Mich. 167, 129 N.W. 196; 17 C.J.S., Contracts, § 272, page 656; 12 Am.Jur., p. 658, § 163." (Emphasis supplied by counsel.)

We notice, however, that the Court twice stated that the defense asserted was that the contract sued upon was "invalid", and also declared "the conclusion is inescapable that a contract made in violation of its [The Securities Act] terms is not *enforcible*." (Emphasis ours.)

case upon which he relies. See also Rogers v. Traders & General Insurance Co., 135 Tex. 149, 139 S.W.2d 784, 128 A.L.R. 1305. Thus the illegality here is a "one-sided" illegality,—only on the part of the seller, and the reason for declaring the contract nonenforcible in the Kadane case is not present. These considerations may afford no reason for adjudging the deeds in question "void" in any less degree than the wholly illegal contract, but they do establish that the question now presented was not before the Court or ruled upon in the Kadane case. The same thought proves inapplicable the statement found in 10 Tex.Jur. 232, Sec. 135, upon which appellees rely.[2]

The Texas Courts have noted the lack of preciseness and different shades of meaning involved in the use of the word "void",[3] which causes confusion in their decisions, as is also true generally. In a case where this confusion was immediately under consideration, the Court said: "The word 'void' as used in the statutes has various shares of meaning. It is rarely used in the sense of implying an absolute nullity. The true sense in which it is used is to be determined from a consideration of the statute as a whole in the light of the purpose sought to be accomplished by its enactment." [4]

■ We find one Texas authority enlightening and persuasive. The case of Smith v. Fishback, Tex.Civ.App., 123 S.W. 2d 771, error refused, involved facts similar to the present case. There grantors sought to cancel royalty pool contracts because secured by fraud and in violation of the Securities Act of 1935, supra. The Court considered only the latter attack, and

in this connection quoted extensively from the opinion in Kneeland v. Emerton, 280 Mass. 371, 183 N.E. 155, 159, 87 A.L.R. 1,[5] which declares such contracts "void" at the instance of "the person parting with his valuable property * * * in like manner as if in terms declared to be a nullity", and therefore that the plaintiff could recover the price paid for the securities. The Texas Court then cited Reilly v. Clyne, 27 Ariz. 432, 234 P. 35, 40 A.L.R. 1005, and immediately proceeded: "While we do not hold that the royalty pool contracts were, *as a matter of law, void ab initio*, it is our opinion under the facts in this case that they are *voidable* and subject to be set aside and cancelled at the suit of appellees, the royalty owners." [123 S.W.2d 780] (Emphasis supplied.) We think this language clearly evidences a rejection of the *"void ab initio"* effect of such conveyances which might be said to have been declared by the decision in the Massachusetts case which had just been quoted, and the considered acceptance and statement by the Court of the degree of invalidity of such royalty contracts in Texas as only voidable. The royalty pool contracts were the contractual equivalent of the deeds here involved. While the matter can not be said to be beyond any doubt, in the absence of other applicable Texas authority, we think we should so declare the Texas law in this case. The trial judge, able and experienced in Texas jurisprudence, though without stating his reasons, reached the same conclusion. We hold that the deeds sought to be set aside are not "void" in the sense for which appellant contends. That such deeds were not wholly without effect is illustrated by the appellant's concession that the Phil-

2. "But illegal contracts are not void in the sense that they do not confer legal rights, since they may be executed by voluntary acts of the parties, or through some means or agency other than the courts, and, when so executed, they may confer actual and irrevocable rights upon the parties; and this is true of a contract made in contravention of a statute which declares that contracts so made shall be absolutely void and. unenforceable."

3. Hall v. Edwards, Tex.Com.App., 222 S. W. 167; Fred Miller Brewing Co. v. Coonrod, Tex.Civ.App., 230 S.W. 1099, writ refused; Hennessy v. Automobile Owners' Ins. Ass'n, Tex.Com.App., 282 S.W. 791, 46 A.L.R. 521; Thompson v. Railroad Commission, Tex.Sup., 240 S. W.2d 759, 763.

4. Thompson v. Railroad Commission, supra.

5. Appellant places much reliance upon this authority.

lips Petroleum Company, a subsequent innocent purchaser, can not be disturbed in its title and possession. The decision in Slaughter v. Qualls, 139 Tex. 340, 162 S.W. 2d 671, 674, discusses the distinction recognized in Texas jurisprudence between a deed void in the sense of a nullity, and one voidable.

Judgment affirmed.