**ROYALTY POOLING COMPANY et al.,**
**Appellants,**

v.

**F. P. ROGERS, Appellee.**

No. 6661.

Court of Civil Appeals of Texas.

Amarillo.

March 18, 1957.

Rehearing Denied April 15, 1957.

———◆———

Snodgrass & Calhoun, Amarillo, Savage, Gibson, Benefield & Shelton, Dudley, Duvall & Dudley, Oklahoma City, for appellants.

Boyer & Lemon, Perryton, for appellee.

PITTS, Chief Justice.

■ This appeal arose from a suit to remove alleged cloud cast upon title to realty located in Ochiltree County, Texas, by seeking to have certain conveyances adjudicated to be in all things held void. Appellee, F. P. Rogers, instituted the suit for the relief sought against appellants, Royalty Pooling Company, a corporation, Royalty Holding Company, a corporation, and Daisy D. Blankenship, the surviving widow of G. T. Blankenship, deceased, from whose estate she acquired her interest. Appellee went to trial upon his first amended original petition in which he alleged in effect his right to relief being based upon the undisputed facts to the effect that two mineral deeds were executed by him of date May 21, 1926, in compliance with the terms of a contract of date May 19, 1926, conveying certain mineral interests to G. T. Blankenship and Royalty Pooling Company, respectively, for a consideration allegedly paid in trade by certain stock certificates being issued and given to appellee by the said parties as grantees in the said deeds without the said parties having first secured permits from the State of Texas to sell or trade such stock certificates as required under the provisons of the "Blue Sky Law of Texas," arts. 579–600 of the 1925 Revised Civil Statutes of Texas and arts. 1071–1083 of the 1925 Penal Code of Texas, for which reason appellee contends the entire transaction was absolutely void. It appears also that appellant, Royalty Holding Company, is the record owner of a fractional interest in the said minerals by

reason of conveyances out of G. T. Blankenship. Appellants pleaded certain defenses which appellee concedes are good and will justify their recovery unless the mineral deeds in question are held to be absolutely void in the sense of being a complete nullity. The facts are not controverted but have been fully stipulated by agreement of the parties.

Both parties filed motions for summary judgment. Upon a hearing before the trial court it found and concluded that the two mineral deeds in question were void and of no force and effect for which reason appellants' motion for summary judgment was in effect overruled and that of appellee's sustained and judgment rendered accordingly for appellee from which judgment appellants perfected an appeal.

The controlling question to be here determined is whether or not the two mineral deeds in question should be declared absolutely void because of the failure of G. T. Blankenship and Royalty Pooling Company to secure Blue Sky Law permits from the State of Texas before trading stock certificates in that company as a consideration for the mineral interests conveyed to them by the two mineral deeds executed by appellee on May 21, 1926. Appellee "readily concedes that the term 'void' has been loosely used by the courts and the term as used has varying shades of meaning." Appellee further concedes that the "United States Court of Appeal for the Fifth Circuit has held squarely against appellee in the case of Ham v. Blankenship, 194 F.2d 430" but he further says "the decision of the Federal Court is not binding on this Court."

The identical question presented here was there determined and adjudicated against appellee's contentions here made and favorable to appellants' contentions here made upon identical material facts presented by some of the same parties shown to have been parties also in the Ham-Blankenship case previously herein referred to and conceded by appellee to be "squarely against him." In that case it appears that both parties sought a summary judgment and the trial court denied plaintiff any recovery under the provisions of Texas law governing such matters and plaintiff perfected an appeal therefrom to the Fifth Circuit Court which affirmed the judgment of the trial court. The Appellate court there analyzed the very cases appellee relies upon here for recovery as a result of which it held "squarely against appellee's" contentions here made and we think properly so. After fully discussing the cases there relied upon by plaintiff, who was appellant on appeal, the court there held that under the Texas law the mineral deeds in question were not absolutely void but only voidable and the court finally there said in part:

"The royalty pool contracts were the contractual equivalent of the deeds here involved. While the matter can not be said to be beyond any doubt, in the absence of other applicable Texas authority, we think we should so declare the Texas law in this case. The trial judge, [Hon. Joseph B. Dooley] able and experienced in Texas jurisprudence, though without stating his reasons, reached the same conclusion. We hold that the deeds sought to be set aside are not 'void' in the sense for which appellant contends." Ham v. Blankenship, 194 F.2d 430, 432.

In a parallel case involving parallel facts, appellee seeks here to overturn the sound, logical reasoning expressed in support of the final judgment rendered in the Ham-Blankenship case. Without further referring to the said case but for the logical reasons therein stated, we likewise hold that the mineral deeds here involved, executed as a result of and in harmony with the terms of a previous contract, are not absolutely void but only voidable. By reason of such it is admitted by appellee that "the defenses pleaded by appellants are good."

■ Notwithstanding the admissions made by appellee, appellants in their third point of error present another question not presented in the Ham-Blankenship case, which point of error we believe to be sound

and it is sustained. In 1935 the Texas Legislature repealed the Blue Sky Law but superseded the same with a completely new act known as "The Securities Act", art. 600a, Vernon's Ann.R.C.S. and art. 1083a, Vernon's Ann.Penal Code. In their third point of error, appellants charge that the trial court erred in granting appellee a summary judgment because his alleged rights herein claimed were extinguished as a result of the act of the State Legislature repealing the Blue Sky Law without including therein a saving clause sufficient to protect appellee. In Section 38 of the Texas Securities Act, art. 600a, Vernon's Ann.R.C.S., the Blue Sky Law of Texas was repealed. All permits and exemption certificates issued by the Secretary of State under the old Blue Sky Law were protected, as were all agreements entered into under the direction of the Secretary of State pursuant to the old Blue Sky Law and all prosecutions and legal or other proceedings begun under the provisions of the said old law and not completed by the time the repealing act became effective. It appears that the Legislature intended in the repealing act to protect only the enumerated claims, proceedings and prosecutions begun under the provisions of the old Blue Sky Law and none other. The negotiations and transactions had by the parties here involved which resulted in the execution of the contract and mineral deeds in question were not had or performed in compliance with or in pursuance of the provisions of the Blue Sky Law, hence we find no saving clause for protection for them or either of them in the repealing act.

"Frequently, there are express savings clauses in repealing statutes, which continue the law in force as to all cases to which they apply. Sometimes, such a savings provision does not extend to matters other than suits and processes pending at the time. Where the savings clause refers to a specific matter, it has been taken as an indication of a legislative intent to save nothing else from the repeal." 50 Am.Jur. 535, Sec. 528.

"It is almost universally recognized that if a statute giving a special remedy is repealed, without a saving clause in favor of pending suits, all suits must stop where the repeal finds them; and, if final relief has not been granted before the repeal goes into effect, it cannot be granted thereafter. A like general rule is that if a right to recover depends entirely upon a statute, its repeal deprives the court of jurisdiction over the subject matter. Phil H. Pierce Co. v. Watkins, 114 Tex. 153, 263 S.W. 905; Galveston, H. & H. Ry. Co. v. Anderson, Tex.Civ.App., 229 S.W. 998, writ refused, and authorities there cited; Goodrich v. Wallis, Tex. Civ.App., 143 S.W. 285; State ex rel. Shaw v. Southern Anthracite Coal Co., 131 Ark. 593, 198 S.W. 126; State of South Carolina v. Gaillard, 101 U.S. 433, 437, 25 L.Ed. 937." Dickson v. Navarro County Levee Imp. Dist. No. 3, 135 Tex. 95, 139 S.W.2d 257, 259.

It is generally conceded that a right of action given by a statute may be taken away at any time, even after it has accrued and proceedings have been commenced to enforce it. 16 C.J.S., Constitutional Law, § 254, p. 1242. It is also well settled that if a statute giving a special remedy is repealed without a saving clause in favor of pending suits, all suits must stop where the repeal finds them, and if final relief has not been obtained before the repeal becomes effective, it cannot be granted thereafter, and the repeal deprives the court of jurisdiction of the subject matter. Goodrich v. Wallis, Tex.Civ. App., 143 S.W. 285; Dickson v. Navarro County Levee Imp. Dist. No. 3, 135 Tex. 95, 139 S.W.2d 257." National Carloading Corp. v. Phoenix-El Paso Express, 142 Tex. 141, 176 S.W.2d 564, 568.

Because of these and numerous other authorities in support thereof we sustain appellants' third point of error.

Under the record and authorities cited and for the reasons stated the judgment of the trial court is reversed and judgment is here rendered for appellants and denying appellee any recovery. Reversed and rendered.