### RHODES v. MELOY. (No. 239.)

(Court of Civil Appeals of Texas. Eastland.
Dec. 3, 1926. Rehearing Denied
Dec. 31, 1926.)

**1. Depositions ☞53—Officer taking deposition should be impartial.**

Officer taking deposition of witness should stand impartial between parties.

**2. Depositions ☞53—Refusal to suppress defendant's depositions on ground that notary had been securing testimony for plaintiff in similar lodge case against defendant held not error.**

Refusal to suppress defendant's ex parte depositions, in action for alienating affections of plaintiff's wife, on ground that notary public, before whom they were taken, was not impartial and disinterested, because he had been engaged in securing testimony for plaintiff in a similar case pending in Masonic lodge against defendant, *held* not error.

**3. Witnesses ☞240(6)—Question directing witness' attention to certain matter, with request to state facts concerning it, held not leading and suggestive.**

In action for alienating wife's affections, question to wife, on direct examination by plaintiff, "Directing your attention to the question as to whether or not defendant made any statement about plaintiff and his personal appearance, now state what the facts are in that connection," *held* not improper as leading and suggestive.

---

**4. Trial ⬤⟿62(2)—Testimony in trial for alienating wife's affections that witness sold draperies to man, for whom defendant's witness had testified that plaintiff's wife said she arranged them, held not rebuttal.**

In action for alienating wife's affections, testimony of plaintiff's witness that she sold certain draperies to man, for whose shack defendant's witness had testified that plaintiff's wife said she arranged them, for purpose of showing her intimacy with other men, *held* not admissible as rebuttal.

**5. Appeal and error ⬤⟿1047(4)—Erroneous admission of evidence in rebuttal held not prejudicial error.**

In trial for alienating wife's affection, admission of testimony of plaintiff's witness that she sold certain draperies to man, for whose shack defendant's witness had testified that plaintiff's wife said she arranged them, for purpose of showing her intimacy with other men, *held* harmless, though not rebutting testimony of defendant's witness.

**6. Husband and wife ⬤⟿333(3)—Evidence of wife's statements that she was unhappy, that husband abused and quarreled with her, and that she intended to leave him, held admissible in trial for alienating her affections.**

In trial for alienating wife's affections, testimony that she stated that her married life was unhappy, that plaintiff abused and quarreled with her, and that she intended to leave him, *held* admissible as tending to show lack of affection between them, and to mitigate damages.

**7. Husband and wife ⬤⟿333(3)—Wife's declarations before separation are admissible without predicate for impeachment in trial for alienating her affections.**

In trial for alienating wife's affections, her declarations before separation are original evidence, which may be introduced without laying predicate for impeachment.

**8. Husband and wife ⬤⟿324—Fundamental inquiry in suit for alienating wife's affections is her affection for husband and defendant.**

The fundamental inquiry in a suit for alienating wife's affections is the affection between spouses and between wife and defendant.

**9. Husband and wife ⬤⟿333(3)—Wife's statements, showing that she was moving party in alienation of her affections, are admissible.**

In trial for alienating wife's affections, her statements, tending to show that she was moving party in alleged alienation, are admissible to show lack of affection between spouses.

**10. Appeal and error ⬤⟿232(2)—Appellate court can consider only point of objection made to admission of evidence.**

In considering admissibility of evidence, appellate court is confined to the point of objections made to its admission.

**11. Trial ⬤⟿82—Purpose of requiring specific objection to testimony in trial court is to enable opposite party to obviate objection, if possible.**

Purpose of requiring specific objection to testimony in trial court is to enable opposite party to obviate objection, if possible, as well as to enable court to rule correctly.

**12. Appeal and error ⬤⟿232(2)—Appellate court will not sustain rejection of evidence on ground not specified in bill of exception, if objection could have been obviated.**

Appellate court will not sustain ruling rejecting evidence on ground not specified in bill of exception, if such ground involved objection which could have been obviated.

**13. Trial ⬤⟿63(1)—Wife's testimony, after defendant closed in trial for alienating her affections, as to his statements to her, held inadmissible (Rev. St. 1925, art. 2180, subd. 9).**

In trial for alienating wife's affections, her testimony, designedly withheld until after defendant closed, though she had been on stand three times, that defendant told her he had wronged her, but never intended to pay or marry her, that he had put her in gutter, where he expected to keep her, and that Masons, two of whom were on jury, could not touch him, because he had his demit, *held* erroneously admitted, under Rev. St. 1925, art. 2180, subd. 9, as not rebuttal.

**14. Trial ⬤⟿63(2)—Court may permit plaintiff, whose testimony is contradicted or inadvertently omitted, to offer testimony supporting main case after defendant closes.**

It is within trial court's sound discretion to permit plaintiff to offer testimony in support of his main case after defendant has closed, where plaintiff's testimony has been contradicted, or some portion of it inadvertently omitted.

**15. Trial ⬤⟿62(2)—Physician's testimony, on cross-examination in trial for alienating wife's affections, that defendant said that she shot and seriously wounded him, held not to authorize rebuttal testimony by her as to defendant's statements to her.**

Physician's testimony, on cross-examination by defendant in trial for alienating wife's affection, that defendant stated in conversation, as to which witness testified on direct examination, that plaintiff's wife shot and seriously wounded him, *held* not to authorize admission in rebuttal of her testimony as to defendant's statements that he wronged her, but never intended to pay or marry her, and had put her in gutter, where he expected to keep her.

**16. Trial ⬤⟿62(2)—Wife's testimony, after defendant closed, in trial for alienating her affections, as to his statements to her, held inadmissible to rebut evidence of her intimacy with other men.**

In trial for alienating wife's affections, wife's testimony, after defendant closed, that defendant told her he had wronged her, but never intended to pay or marry her, and had put her in gutter, where he expected to keep her, *held* inadmissible to rebut defendant's evidence of her intimacy with other men than defendant.

**17. Trial ⬤⟿62(1)—Parties should not be permitted to prolong testimony endlessly; purpose of statute fixing order of procedure being to expedite justice (Rev. St. 1925, art. 2180).**

Rev. St. 1925, art. 2180, providing for order of proceedings on trial by jury, is designed

---

to secure orderly conduct of trial, and thus expedite justice, and neither party should be permitted to prolong production of his testimony endlessly.

**18. Husband and wife ⊕⟿332—Wife's testimony, in trial for alienating affections, that defendant told her he had wronged her, held inadmissible as departure from pleadings.**

In trial for alienating wife's affections, her testimony that defendant told her he had wronged her, but never intended to pay or marry her, that he had put her in the gutter, and expected to keep her there, *held* inadmissible as departure from pleadings, which did not seek recovery for criminal conversation.

**19. Husband and wife ⊕⟿324—Defendant must be controlling cause of alienating wife's affections to warrant recovery.**

Defendant must be controlling cause of alienating affections of plaintiff's wife for plaintiff to recover.

**20. Appeal and error ⊕⟿843(1)—Error, which may not occur on retrial, need not be discussed.**

Error, which may not occur on another trial, for which cause is remanded on reversal, need not be discussed.

**21. Appeal and error ⊕⟿1078(1)—Unbriefed assignments of error are waived.**

Assignments of error, which are not briefed, are waived.

Appeal from District Court, Eastland County; Elzo Been, Judge.

Action by J. P. Meloy against C. J. Rhodes. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Scott, Brelsford, McCarty & Brelsford, of Eastland, for appellant.

J. R. Stubblefield, of Eastland, for appellee.

LITTLER, J. This is a suit for alienation of affections instituted in the court below by J. P. Meloy, appellee, against C. J. Rhodes, appellant. Appellee alleged in his petition that appellant had room and board in appellee's home, and, while living there, had made love to appellee's wife, Anna Katherine Meloy, and had alienated her affections. Appellee further alleged that appellant had made certain trips to Kansas City, Mo., and to Juarez, Mexico, and had there been guilty of immoral conduct with appellee's wife. The prayer was for actual damages for alienation of his wife's affections in the sum of $100,000.

Defendant answered by general demurrer and special exceptions, a general denial, and in turn filed a cross-action against appellee, which was withdrawn before the case was submitted to the jury, and need not be considered here.

The pertinent facts of the case will be fully stated in connection with our discussion of assignments of error.

The case was submitted to the jury on special issues, and a verdict was returned upon which the court rendered judgment for appellee in the sum of $15,000, to which judgment of the court appellant gave notice of appeal, and the cause is now before this court for review. This case is before us on seventy-four assignments of error, which will be discussed in their order.

[1, 2] The second assignment of error complains of the court's refusal to suppress the ex parte depositions of the defendant, C. J. Rhodes, and motion setting up that the notary public before whom same was taken was not impartial and disinterested. The testimony, in connection with said motion, shows that the notary public had been engaged in securing testimony on behalf of appellee in connection with a similar case pending in the Masonic lodge against appellant. It has long been recognized as the rule in Texas that the officer taking the deposition of a witness should stand impartial between the parties (Rice v. Ward, 93 Tex. 532, 56 S. W. 747; Blum v. Jones, 86 Tex. 492, 25 S. W. 694), and we do not wish to be understood as departing from the rule laid down in those cases as cited by appellant. However, even though some evidence was submitted raising the issue that the notary was not impartial in the matter, we believe that the action of the trial court was correct in holding that the notary was not disqualified and in overruling the motion to suppress said deposition, and the assignment is therefore overruled.

Appellant's assignments of error Nos. 7, 8, 10, 12, 13, and 14 complain of the overruling of special exceptions to plaintiff's petition. These assignments are all overruled, for the reason that the error, if any, was harmless.

[3] Appellant's sixteenth assignment of error complains of the admission of certain testimony. Appellee's counsel asked this question of the witness, Mrs. Anna Katherine Meloy, testifying on direct examination for appellee, "Directing your attention to the question as to whether or not Rhodes made any statement about Meloy and his personal appearance, now state what the facts are in that connection." This was objected to as leading and suggestive. A question which merely directs the attention of the witness to a particular transaction without suggesting the answer is not leading, and the assignment is therefore overruled.

[4, 5] The thirty-fifth and thirty-sixth assignments of error complain of the admission of certain testimony of appellee's witness, Mrs. T. J. Pressler, to the effect that she sold one Koontz certain draperies. It appears that appellant's witness had previously testified that Mrs. Meloy, appellee's wife, had stated that she had "arranged" the draperies for the shack in which Koontz was living, the evident purpose of such testi-.

mony being to show that Mrs. Meloy had been intimate with other men. Appellant strongly urges here that such testimony does not rebut that of appellant's witnesses, and could only serve to divert the minds of the jury from the question raised as to intimacy between Mrs. Meloy and Koontz. We think it true that such testimony does not rebut that offered by appellant, but we consider the error harmless, and the assignments are therefore overruled.

We now come to a consideration of those assignments of error, for which we think this cause must be reversed and remanded to the trial court.

Appellant's thirty-seventh, thirty-eighth, forty-first, forty-second, and forty-sixth assignments of error all complain of the exclusion of the testimony of witness as to remarks made by Mrs. Meloy with reference to the relations which existed between her and her husband, and between her and appellant, and will all be considered together.

[6] The appellant offered the testimony of the witness V. R. Shurmon to the effect that Mrs. Meloy had stated that "She would reach Rhodes. If she couldn't reach him directly, that she would reach him indirectly through his children back home that he loved most, that she would take the lives of the most dearest to his life," and offered further testimony of the same witness to the effect that Mrs. Meloy had stated that "her married life had always been unhappy; that her husband had abused her unmercifully, throwing things at her, breaking up the furniture," etc., and the testimony of the witness Bennie V. Bollinger, to the effect that Mrs. Meloy had stated that she and her husband had quarreled over the receipt by her of a silk garment from some male friend in Iowa. Appellant also offered the testimony of the same witness to the effect that Mrs. Meloy had stated that she had a home in Mason City, Iowa, and that, as soon as it was paid for, she was "going back there to civilization, and Jack could go to hell." Appellant offered the testimony of the witness Mrs. Bennie V. Bollinger to the effect that Mrs. Meloy had stated that she and her husband had quarreled over the receipt of a silk garment from some male friend in Mason City, Iowa.

[7-9] To all of this testimony appellee objected on the ground that no predicate had been laid for the impeachment of the witness Mrs. Meloy. The declaration of the alienated spouse, made prior to the separation, is original evidence, and it is not necessary to lay a predicate for impeachment in order to introduce the same. The fundamental inquiry in a suit of this nature is as to the affection between the alleged alienated spouse and her husband and between her and the party alleged to have alienated her affections. If in fact there was no affection between the woman and her husband, there could be no alienation of her affections; likewise, if there was a state of unhappiness and bitterness between the spouses, this would tend to mitigate the damages suffered. Statements of the alleged alienated spouse tending to show that she was the moving party in the alleged alienation would also be proper evidence for defendant. Nothing could be better evidence of the affection, or lack of affection, between the spouses than admissible statements of the wife herself. Willey v. Howell, 159 Ky. 805, 169 S. W. 519; 30 C. J. 1139; 30 C. J. 1126.

[10] Appellee strongly urges in argument that such testimony ought to be confined to statements of the alleged alienated spouse made before the suspicion of misconduct between the appellant and herself arose. In considering the admissibility of the evidence tendered, we are confined to the point of objections made to its admission. Consolidated Oil Co., v. Schaffner (Tex. Civ. App.) 286 S. W. 258.

[11] The purpose of requiring a specific objection to testimony to be made in the trial court is not alone to enable the court to rule correctly, but is also to enable the opposite party to obviate the objection, if possible. Croft v. Rains, 10 Tex. 520; Cobb, Adm'r, v. Norwood, Adm'x, 11 Tex. 556; Colburn v. Chicago, St. P., M. & O. Ry. Co., 109 Wis. 377, 85 N. W. 354.

[12] And, where evidence is rejected, this court will not sustain the ruling on a ground not specified in the bill of exception, if such ground involved an objection which could have been obviated. Trigg v. Moore, 10 Tex. 197.

Appellant's thirty-seventh, thirty-eighth, forty-first, forty-second, and forty-sixth assignments are therefore sustained.

Appellant's fiftieth assignment of error is overruled, as we think the error, if any, was harmless.

[13] Appellant's fifty-second assignment complains of the admission of certain testimony. Mrs. Meloy, the alleged alienated spouse was called as a witness on rebuttal for appellee, and on direct examination appellee's counsel asked this question: "Mrs. Meloy, just tell the jury what occurred in the office of C. J. Rhodes in the bank over there along in October, 1925." To this question appellant objected as being a departure from the pleadings and as not being in rebuttal. After hearing argument, the court permitted the witness to answer the question, and to testify that she went to appellant's office, and asked him for money which she said appellant owed her, and that appellant told her he did not have it, and that he never intended to pay her, and did not have any idea of paying her; that appellant told her he had wronged her, promising to do her right, but that what he had done in her home was an innocent pastime, that he promised to marry her, and had no intention of doing anything of the kind; that appellant told her he had put her in the ——— gutter,

and expected to keep her there; that she then asked appellant how he would like to be in the gutter; and that appellant replied: "You can't touch me. I was afraid of the Masons. I have my demit card. I am no longer a Mason, and there is not a ——— Mason that can touch me, not a ——— ——— one. There is no twelve men can sit on a bench and judge me. They are liars, thieves, and crooks, or ladies' men like myself."

The record discloses that appellant had closed, and that this same witness had previously testified three times for appellee, and that this was her fourth time on the stand. It is also disclosed that during the argument on the admissibility of this testimony appellee's counsel stated that he had deliberately withheld this testimony until this time. The record further shows that there were two Masons on the jury, and that appellant had exhausted his peremptory challenges in selecting the jury. Article 2180 of the Revised Statutes provides the order of proceedings on trial by jury. Section 9 of this article provides that, after plaintiff has introduced his evidence on his main case, and the defendant has then introduced his, "the parties shall then be confined to rebutting testimony on each side."

[14] It is undoubtedly within the sound discretion of the trial court to permit the plaintiff to offer testimony in support of his main case, where his testimony has been contradicted, or where he has, through inadvertence, omitted some portion of his main testimony. However, in this case the appellee had had this same witness on the stand three times previously, and stated to the court in argument that he had designedly withheld this portion of her testimony until this time, after appellant had closed his case.

[15] While the bill of exceptions presenting this matter shows that the omission to present this evidence in chief was not due to an inadvertence, yet it is but fair to counsel for appellee to state that up to the time this matter occurred appellant had before the jury a cross-action against appellant and his wife for an alleged assault upon appellant with a pistol by his wife, and some of the testimony quoted above was pertinent to this issue, and was properly withheld by appellee until after the appellant had submitted his case on the cross-action. The cross-action was nonsuited before the testimony now under consideration was offered, and, when this was done, evidence was no longer available on the issues raised by the abandoned plea. We find nothing offered by appellant relating to the transaction, except that appellee in rebuttal placed Dr. Carter on the stand, and proved by him, on the occasion shown above, that witness was called over the telephone to the office where appellant was employed by somebody, and that, when witness arrived at the office, appellant

told witness that Mrs. Meloy had called witness. On cross-examination appellant proved that in the same conversation appellant stated that Mrs. Meloy shot him, and that the wound was a serious one. It is not believed that this would authorize the admission of the objectionable testimony in rebuttal.

Under these circumstances we think that it was not only within the discretion of the court to refuse this testimony, but we think it was the court's duty to do so. Ayers v. Harris, 77 Tex. 108, at pages 120, 121, 13 S. W. 768; Wade v. G. H. & S. A. Ry. Co. (Tex. Civ. App.) 110 S. W. 84.

[16] Appellee strongly urges that this testimony rebuts testimony of appellant's witness tending to show that the alleged alienated spouse had been intimate with other men than the appellant. We do not agree with this view of the testimony.

[17] The statute providing for the order of proceedings at the trial is designed to secure an orderly conduct of the trial, and thus expedite justice. We do not think that either party should be permitted to prolong the production of his testimony endlessly. We are therefore of the opinion that on this ground the forty-second assignment should be, and it is, sustained.

[18] The question of whether or not the fifty-second assignment should also be sustained on the ground that such testimony is a departure from the pleadings is one of more difficulty. However, we have reached the conclusion that this objection was also well taken. Appellee's pleading set out a cause of action for alienation of affections, and did not seek a recovery for criminal conversation. After a careful scrutiny of the pleadings in the case, we find nothing to support this testimony, and for this additional reason we sustain the fifty-second assignment of error.

The fifty-third and fifty-fourth assignments of error complain of the admission of further testimony by the same witness under the same circumstances as to details of the same transaction. We will not here set this testimony out in detail, but sustain the fifty-third and fifty-fourth assignments of error, for the reasons above stated in connection with the fifty-second assignment.

[19] The fifty-eighth assignment of error complains of the submission of special issue No. 3 by the court, which was as follows: The objection taken to this issue was that it did not inquire of the jury whether or not the unlawful and intentional acts, words, and conduct of the defendant, C. J. Rhodes, if any, were the controlling cause of the alienation of Katherine Juhl Meloy from her husband, if in fact such affections were alienated.

So far as we have been able to find, this is a novel question in Texas. In other jurisdictions the authorities seem divided between the rule that defendant must be the sole

cause of the alienation and the rule that defendant is liable if he is the controlling cause. 30 C. J. 1125. We are unwilling to adopt the rule that defendant's conduct must be the sole cause, but we think that the rule that defendant must be the controlling cause of the alienation is a sound one. We .therefore sustain the fifty-eighth assignment.

[20] The sixty-fourth assignment complains of the finding of the jury in answer to special issue No. 3 to the effect that plaintiff and his wife were in love with each other as against the preponderance, and contrary to the weight, of the evidence. As this case is to be reversed, we refrain from discussing this assignment of error; if any, it may not occur on another trial.

For the same reasons we refrain from discussing the sixty-fifth, sixty-seventh, sixty-eighth, sixty-ninth, seventieth, seventy-first seventy-second, and seventy-fourth assignments, which complain of findings of the jury and the alleged excessiveness of the verdict.

[21] Appellant's other assignments of error were not briefed, and were therefore waived.

Reversed and remanded.