James H. WILKERSON, Appellant,

v.

PIC REALTY CORPORATION, Appellee.

No. A2140.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 7, 1979.

Sam Dawkins, Jr., Eastham & Meyer, Houston, for appellant.

Brian L. Jensen, Tekell, Book & Matthews, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

PAUL PRESSLER, Justice.

This is an appeal from an award of money under the escalation clause of a written lease.

During the summer of 1972, appellant leased office space on the sixth floor of a building currently owned by appellee and managed by Property Management Systems Company. The lease terminated July 31, 1974. Appellant testified that prior to renewing the lease, he was requested by Bill Dawson, the building manager at that time, to move to the fourth floor in order to make more space available on the sixth floor for another tenant of the building. Appellant alleged that Dawson, acting as the agent for the building owner, agreed to compensate appellant for his moving expenses and for improvements he had previously made to the premises he was vacating. James Bailey, an accountant for appellant who handled the negotiations concerning the move and new lease agreement, testified that he and Dawson agreed that appellant would be allowed $5,800 for the improvements and moving expenses. He further testified that Dawson agreed to reimburse appellant for this amount by spreading it "over the life of the new lease to be executed if we moved." Appellee's objection to this testimony by Bailey was sustained (though not stricken from the record) and he was prohibited from testifying as to the details of the agreement. The record does not reflect whether this agreement was consummated.

After the move and execution of a new lease, appellant determined that he needed some new partitions and requested Dawson to give him a cost estimate. Dawson did so and appellant requested that he proceed with the construction. When it was finished, Dawson submitted a bill for approximately twice the estimated amount. Appellant informed Dawson that he intended to pay only the amount of the original estimate. Appellant testified that in the same conversation Dawson told him that "he would be sure we didn't have any problems on the parking and he would make sure we did not have any problems on the building escalation clause" if appellant paid the full amount of the improvements. The objection to the foregoing was overruled. Appellant then testified that Dawson specifically stated that he would continue billing appellant for only three parking spaces although he was occupying twelve to fifteen. He also claimed that Dawson said that his rent would "always stay the same." Appellee then objected to this testimony on the basis that it violated the parol evidence

rule. The objection was sustained and the statements were stricken by the court.

Appellant raises four points of error. However, we will limit our consideration to his second point as we find it determinative of the outcome of this appeal. Appellant contends that the trial court erred in striking the testimony of appellant, referred to above, regarding the agreement made with appellee concerning rental escalation. Appellant alleges that this testimony did not violate the parol evidence rule because it was made subsequent to the consummation of the written lease. We agree. The Supreme Court set down the rule in *Garcia v. Karam*, 154 Tex. 240, 276 S.W.2d 255, 258 (1955) where it said, "The parol evidence rule excludes only prior and contemporaneous negotiations. It does not apply to subsequent agreements entered into by the parties." We expressly followed that rule in *Mortgage Company of America v. McCord*, 466 S.W.2d 868 (Tex.Civ.App.-Houston [14th Dist.] 1971, writ ref'd n. r. e.).

In oral argument, appellee stated that it recognized that the parol evidence rule was not a proper basis for its objection. However, it contends that the Statute of Frauds could have been asserted as a proper grounds for the objection in question. Appellee assumes that appellant could not have obviated the objection if it had been raised on those grounds. Therefore, appellee contends it should be entitled on appeal to change the grounds of its objection and, thereby, have the objection to and exclusion of appellant's testimony upheld. Appellee cites *Rhodes v. Meloy*, 289 S.W. 159 (Tex. Civ.App.-Eastland 1926, writ dism'd) as authority for this proposition. We are unpersuaded by appellee's contention for two reasons. First, appellee's application of the holding in *Rhodes v. Meloy, supra* has not been adopted by any court in this state, nor does it seem to constitute a sound legal proposition. As stated in *City of Wichita Falls v. Jones*, 456 S.W.2d 148 (Tex.Civ. App.-Fort Worth 1970, no writ), "The rule is well established that objections to evidence that are different from those urged

in the trial court will not be considered on appeal. For a large number of cases holding this to be the law see 3 Tex. Dig., Appeal and Error, Key # 232(2), page 386." In its brief appellee urges us to make the following exception to this basic rule: " . . . if the valid but unasserted ground for objection could not have been opposed at the trial court then it may be asserted for the first time on appeal." (appellee's brief, page 13.) We do not approve such an exception. It is clear under Texas law that if an objection is overruled by the trial court, the party objecting will not be permitted to assert a new objection on appeal, regardless of whether the objecting party believes the new objection could have been obviated by the other party at the time of trial. The rationale for this rule was recently restated in *University of Texas System v. Haywood*, 546 S.W.2d 147 (Tex.Civ.App.-Austin 1977, no writ) where the court said, "The purpose of requiring a specific objection is, of course, to enable the trial court to understand the precise question and to make an intelligent ruling and to afford the offering party an opportunity remedy the defect if possible. 1 McCormick and Ray, *Texas Law of Evidence*, § 24 (2nd ed. 1956)." Neither of these purposes would be served by permitting the objecting party to substitute an allegedly correct specific objection on appeal given that the incorrect specific objection asserted at trial was sustained. In addition, the determination of whether the new objection could have been obviated at trial is one which should be made in the trial court.

The second reason appellee cannot be permitted to substitute the Statute of Frauds as the grounds for its objection is that to do so would run afoul of Rule 94 of the Texas Rules of Civil Procedure. Rule 94 requires that the Statute of Frauds, when used as an avoidance or affirmative defense, must be pled. In the case of *First National Bank in Dallas v. Zimmerman*, 442 S.W.2d 674 (Tex.1969) the Supreme Court was faced with a similar situation where the defendants in the case attempted to interject the Statute of Frauds into the case by way of objection. The court said:

Although the defendants did not plead the Statute of Frauds in accordance with the mandatory directive of Rule 94, they contend that they nevertheless preserved the right to assert the defense by objection to the admission into evidence of the contract on the basis that its enforcement would violate the Statute of Frauds.

Prior to the adoption in 1941 of our present Rules of Civil Procedure, the defendants' position would have been sound. The defense could be interposed by an objection to the evidence. *League v. Davis*, 53 Tex. 9 (1880); *Cude v. Vaughn*, 111 S.W.2d 1155 (Tex.Civ.App.1937, no writ); *International Harvester Co. v. Campbell*, 43 Tex.Civ.App. 421, 96 S.W. 93 (1906, no writ). But the adoption of Rule 94 was intended to change the old practice. Shortly after it was adopted, the court in *Reid v. Associated Employers Lloyds*, 164 S.W.2d 584, 585 (Tex.Civ.App. 1942, writ ref'd), stated that the purpose of Rule 94 as follows:

> "That purpose is to require the defendant to announce in his pleadings what his defense will be, if it includes any of the matters referred to in the Rule, and to give plaintiff the opportunity of knowing what character of proof he may need to meet the defenses pleaded."

Thus, appellee could not rely upon the Statute of Frauds under these circumstances.

Appellant's second point of error is upheld and the cause is reversed and remanded.