**Henry Leffert RAMM, Plaintiff,**

v.

**Ross ROWLAND, Jr., Defendant.**

**Civ. A. No. H–85–4553.**

United States District Court,
S.D. Texas,
Houston Division.

April 20, 1987.

David S. Prince, Houston, Tex., for plaintiff.

David G. Matthiesen, Funderburk & Funderburk, Houston, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

HITTNER, District Judge.

Pending before the Court is Defendant's Motion to Dismiss, or, Alternatively, Motion to Transfer. Having considered the pleadings on file, the oral arguments and representations made on the record at the motion conference, and the law applicable thereto, the Court is of the opinion that Defendant's motion should be, and is hereby, DENIED.

## I. FACTS

In late October of 1983, Defendant contacted the Plaintiff's wife in Texas and discussed opening a trading account for her. In January of 1984, Plaintiff's wife, Lynn Ruth Ramm, met with Defendant Rowland in New York City, ostensibly to discuss business matters. Frequent telephone contact was maintained thereafter and letters were exchanged between the wife and Defendant. In March and October of 1984, the Defendant contacted Plaintiff's wife at Plaintiff's home in Texas to request she meet him in California and New Jersey, respectively. Mrs. Ramm thereafter left Texas to join the Defendant in New Jersey, where he continues to reside. Plaintiff alleges that the Defendant used his wealth, social position, and power to influence Plaintiff's wife to engage in adulterous conduct and to leave the Plaintiff, thus effectively alienating the affections of the Plaintiff's wife toward her husband. Defendant has responded with a Motion to Dismiss, or, Alternatively, Motion to Transfer, asserting a federal court located in Texas does not possess in personam jurisdiction.

Defendant has filed an Affidavit dated April 16, 1986, with this Court stating he has had no personal visits of any kind in Texas with either the Plaintiff or Plaintiff's wife since the Ramms moved to Texas. The Defendant alleges his only contacts with the Plaintiff's wife were several telephone calls to and from Mrs. Ramm, two or three letters that the Defendant received from her, and visits that she made to New Jersey and New York. The visits that the Defendant has made to the state of Texas have been for business purposes totally unrelated to this cause of action.

According to an Affidavit filed by the Plaintiff, dated June 10, 1986, Plaintiff spoke by phone with Defendant Rowland during October, 1984, while Mrs. Ramm was visiting the Defendant's home. During that telephone conversation, the Defendant allegedly told the Plaintiff that "he had not done [his] homework and that he wanted her [Plaintiff's wife] with him."

It is undisputed that Defendant did contact Mrs. Ramm at her home in Texas by telephone. The question, then, is whether those contacts were sufficient to subject the Defendant to the jurisdiction of a federal court located in Texas.

## II. THE CAUSE OF ACTION

Plaintiff, Henry Ramm, is a Texas resident. Defendant, Ross Rowland, is a New Jersey resident. Plaintiff has filed an alienation of affection complaint in Federal Court under its diversity of citizenship jurisdiction. Under the Erie Doctrine, therefore, the Court must look to the forum state for the relevant substantive law. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). While New Jersey does not recognize a cause of action for alienation of affection,[1] Texas is one of the minority of states that still recognizes the cause of action.[2]

---

**1.** New Jersey's Heart Balm Act abolished the right of action for alienation of affections, criminal conversation, seduction, and breach of contract to marry. N.J.Stat.Ann. 2A:23–1 (West 1952).

**2.** In 1975, the Texas legislature adopted section 4.05 of the Texas Family Code titled "Action of Alienation of Affection and Criminal Conversation not Authorized." Acts of 1975, 64th Legis.,

p. 1942, ch. 637 § 1, effective September 1, 1975. However, in 1979, the heading was amended to read only "Criminal Conversation not Authorized." While the actions of criminal conversation and alienation of affection are both founded on the loss of consortium, the basis of a criminal conversation cause of action centered on the act of adulterous intercourse and the resulting alienation of affection is merely an aggravating matter. In contrast, in an alien-

The leading case in Texas on alienation of affection is *McQuarters v. Ducote,* 234 S.W.2d 433 (Tex.Civ.App.—San Antonio, 1950, writ ref'd n.r.e.).[3] This case establishes the three elements necessary for an action for alienation of affection; specifically, (1) Defendant intentionally or purposely enticed away the spouse; (2) there was a loss of affection or consortium; and (3) Defendant's conduct was the controlling cause of the loss. *McQuarters,* 234 S.W.2d at 434. Furthermore, case law holds that the Defendant does not have to be the sole cause of the alienation of affections, but he does have to be the controlling cause. *Rhodes v. Meloy,* 289 S.W. 159 (Tex.Civ. App.—Eastland, 1926, writ dismis'd). In the Washington case of *Lankford v. Tombari,* 35 Wash.2d 412, 213 P.2d 627, 630 (1950), the purpose of the Defendant's acts were inferred from the seductive acts alone since, in the eyes of the law, a man intends the natural and probable consequences of his acts. Texas case law recognizes:

> To render one liable to a [husband] thus wronged, no ill will or spite toward him need be shown. Malice inheres in the very act of consciously doing that which harms the [husband]. One must be presumed to intend the natural consequences of his or her acts. Appellant must be charged with the knowledge that [his] acts would produce the very result complained of.

*Norris v. Stoneham,* 46 S.W.2d 363, 366 (Tex.Civ.App.—Eastland, 1932, no writ).

### III. JURISDICTION

■ The concept of *in personam* jurisdiction in a federal diversity action is comprised of two elements: (1) the nonresident must be amenable to service of process under the forum state's long-arm statute and (2) the assertion of jurisdiction under such state law must be in accordance with the due process clause of the fourteenth amendment. *Thompson v. Chrysler Motors Corp.,* 755 F.2d 1162, 1166 (5th Cir. 1985) (citing *Smith v. Dewalt Products Corp.,* 743 F.2d 277, 278 (5th Cir.1984)). A distinction must be made between cases involving the exercise of specific jurisdiction as opposed to general jurisdiction. General jurisdiction is exercised when the defendant's contacts with the forum state are considered to be sufficiently systematic and continuous as to support a reasonable exercise of jurisdiction. *See Perkins v. Benquet Consolidated Mining Co.,* 342 U.S. 437, 446–48, 72 S.Ct. 413, 418–20, 96 L.Ed. 485 (1952). Specific jurisdiction is exercised when the defendant's activities arise out of or relate to activities conducted within the forum state or are directed to residents within the forum state.[4] When the claim or controversy arises out of or is related to the defendant's contacts with the forum state, "a court must examine the relationship among the defendant, the forum and the litigation." *Patterson v. Dietze,* 764 F.2d 1145, 1146 (5th Cir.1985); *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984); *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977).

■ The party seeking to invoke the jurisdiction of a federal court over a nonresident defendant bears the burden of establishing the court has proper jurisdiction. *Brown v. Flowers Industries, Inc.,* 688 F.2d 328, 332 (5th Cir.1982), *cert. denied,* 460 U.S. 1023, 103 S.Ct. 1275, 75 L.Ed.2d 496 (1983). The allegations of the plaintiff's complaint, except as controverted by the defendant's affidavit, must be taken as

---

ation of affection cause of action, the case turns on the malice or improper motive of the defendant. *McMillan v. Felsenthal,* 482 S.W.2d 9 (Tex. Civ.App.—Tyler, 1972), *aff'd,* 493 S.W.2d 729 (Tex.1973).

**3.** In *McQuarters,* Mrs. McQuarters alleged that Bertie Ducote, a 74–year old widow, had alienated the affections of the 62–year old Mr. McQuarters.

**4.** Where specific jurisdiction is being asserted over an out-of-state defendant, the Supreme Court has held a defendant has "fair warning" that his activity may subject him to the jurisdiction of a foreign sovereign if the defendant has "purposefully directed his activities at residents of the forum ... and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

true and are sufficient to establish a prima facie case for in personam jurisdiction.[5] The Plaintiff's complaint, alleging the Defendant had contacted Mrs. Ramm by telephone, support his allegation that the Defendant had caused an injury to him in Texas.

Service of process was made pursuant to the Texas long-arm statute.[6] This statute includes in it reach defendants who commit a single tort. In this case, the Defendant's acts were intentional and made with the reasonable anticipation that the impact of his conduct would be felt by the Plaintiff in Texas. A Texas resident need not go to New Jersey to seek redress from a defendant in New Jersey who could reasonably anticipate his action would cause a tortious injury in Texas.[7] Jurisdiction "may not be avoided merely because the defendant did not physically enter the forum State." *Burger King v. Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985). The Court in *Burger King* further noted that as long as the defendant's actions were *purposefully directed* toward an out-of-state resident, absence of actual physical contact with the state will not defeat personal jurisdiction. *Id.* (citing *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774–75, 104 S.Ct. 1473, 1478–79, 79 L.Ed.2d 790 (1984); *Calder v. Jones,* 465 U.S. 783, 788–790, 104 S.Ct. 1482, 1486–88, 79 L.Ed.2d 804 (1984); *McGee v. International Life Ins. Co.,* 355 U.S. 220, 222–23, 78 S.Ct. 199, 200–01, 2 L.Ed.2d 223 (1957)).

Further, it is a fact of "modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence in a state in which business is conducted." *Burger King,* 471 U.S. at 476, 105 S.Ct. at 2184. The modernization of communication systems is not limited to commercial life. As a practical matter, almost all personal telecommunications are also made via mail and wire communications. "A letter or a telephone call may, in a given situation, be as indicative of substantial involvement with the forum state as a personal visit by the defendant." *In-Flight Devices Corp. v. Van Dusen Air, Inc.,* 466 F.2d 220, 235 (6th Cir.1972). The Fifth Circuit has held that one long-distance telephone call that allegedly constituted a tort committed "in whole or in part" in the forum state may be sufficient to establish in personam jurisdiction.[8] *Brown,* 688 F.2d at 332–33.

In this case, the Defendant and Mrs. Ramm allegedly engaged in a personal relationship. The Defendant's alleged acts of intentionally contacting the Plaintiff's wife by phone to encourage her to leave her husband is the very essence of the tort. The consequences of his acts created impact on the Plaintiff in Texas. Texas has a significant state interest in redressing injuries that one of its citizens suffers at the

---

5. *See also Black v. Acme Markets, Inc.,* 564 F.2d 681, 683 n. 3 (5th Cir.1977); *Marine Midland Bank N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir. 1981).

6. The Texas long-arm statute provides, in pertinent part, that a nonresident is considered to have done business in Texas, and therefore is amenable to service of process, if the nonresident "commits a tort in whole or in part in the state." Tex.Civ.Prac. & Rem.Code § 17.042 (Vernon 1985).

7. This principle is set forth in *Calder v. Jones,* 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). *Calder* involved a libel suit where a California entertainer sued the author and editor of a publication headquartered in Florida. The Court found that the acts by the defendants were not untargeted negligence but expressly aimed at California as they knew the article would have a potentially devastating impact on the plaintiff in California. California was

where the plaintiff lived and worked and where the publication had its largest circulation. The court thus reasoned the defendants must have reasonably anticipated being subject to the jurisdiction of a California court. As the injury was actually suffered in California, it was not necessary to seek redress in a Florida court.

8. *Brown* involved an individual nonresident defendant who made a telephone call to Mississippi. During the course of the telephone conversation, he allegedly made defamatory remarks concerning the plaintiff. The Fifth Circuit reasoned that as the defendant initiated the phone call to Mississippi and the effect of his tortious statements, which were easily foreseeable, were felt in Mississippi by a Mississippi resident, due process did not preclude the exercise of in personam jurisdiction over the nonresident defendant.

hands of an out-of-state citizen. The Plaintiff and his former wife lived in Texas and the Defendant's alleged conduct resulted in the breakup of their marriage in Texas. It is concluded that the telephone contacts made by Defendant were not made to purposefully avoid Texas jurisdiction but to replace the more costly and time-consuming prospect of travel to this state.

## IV. CONCLUSION

Considering the very nature of the Defendant's alleged actions, the foreseeability of the consequences thereof, and the totality of the circumstances of this case, it is considered that the Defendant's actions satisfy the purposeful availment of the Texas jurisdiction. *Hydrokinetics, Inc. v. Alaska Mechanical, Inc.*, 700 F.2d 1026, 1028 (5th Cir.1983), *cert. denied*, 466 U.S. 962, 104 S.Ct. 2180, 80 L.Ed.2d 561 (1984). Because the Defendant established a continuing relationship with Mrs. Ramm by contacting her in Texas, and the result thereof is the alleged cause of action for alienation of the wife's affections for her husband, we conclude this Court possesses in personam jurisdiction. The Defendant's Motion to Dismiss or Alternatively, Motion to Transfer is therefore DENIED.