Terry Ann LONG, Plaintiff,

v.

**GRAFTON EXECUTIVE SEARCH, LLC, et al., Defendants.**

**No. CIV.A. 3:02–CV–0997N.**

United States District Court,
N.D. Texas,
Dallas Division.

March 31, 2003.

Franklin L. Broyles, Goins Underkofler Crawford & Langdon, Dallas, TX, for plaintiff.

Michael D. McKinley, Shackelford Melton & McKinley, Dallas, TX, for defendant.

### ORDER

GODBEY, District Judge.

Before the Court is the motion to dismiss for lack of personal jurisdiction and improper venue ("motion to dismiss") filed by Defendants Grafton Executive Search, LLC, Grafton, Inc., Grafton Staffing Companies, and Richard J. Carroll. For the reasons stated below, this motion is DENIED.

Plaintiff Terry Ann Long ("Long") is a former employee of "Grafton, Inc. or one of its affiliates . . . ." Plaintiff's Original Complaint and Jury Demand ("Complaint") at 2, ¶ 9. Grafton Executive Search, LLC is a limited liability company formed under the laws of the State of Missouri; Grafton, Inc. is a Missouri corporation with its offices in Kansas City, Missouri and Overland Park, Kansas; Grafton Staffing Companies is a registered assumed name used by Grafton Executive Search, LLC and Grafton, Inc. in the marketing of their respective services. Richard J. Carroll ("Carroll"), an individual who resides and works in Missouri, is the President of Grafton, Inc. and the Managing Member of Grafton Executive Search, LLC. The parties do not distinguish between the various Grafton business entities for jurisdictional or venue purposes, therefore the Court will refer to the Grafton entities simply as the "Grafton Defendants."

The Grafton Defendants are employment placement firms that place employees with large and small corporations. Long worked for the Grafton Defendants as a salesperson and Vice President for approximately two years before moving to Texas. In Texas, Long attempted to obtain employment in the field of employee placement. Long requested that Carroll send Jack Dicker ("Dicker") of Dicker Staffing in Dallas, Texas a reference on her behalf. In Texas, a placement firm that Long engaged to help her find employment and another potential employer also contacted Carroll as a reference. Long alleges that Carroll, acting individually and in his capacity as an authorized

agent of the Grafton Defendants, "made extraordinary and wrongful efforts to prevent Plaintiff from obtaining employment in Texas in the staffing industry." Complaint at 4, ¶ 21. Specifically, Long claims that Carroll, in an email sent to Texas and in phone calls with Texas, advised prospective employers and Long's placement firm that Long (1) intended to steal customer lists of Dicker Staffing to start her own business, (2) had no strengths or employment qualities, (3) could not get along with staff or customers, (4) almost destroyed the business of the Grafton Defendants, and (5) had substantial problems with honesty and integrity. Complaint at 4, 5 ¶¶ 22, 27, 29, 31, and 33.

Long filed this action in the Northern District of Texas, Dallas Division on May 10, 2002, stating claims against the Defendants for defamation, intentional infliction of emotional distress, and tortious interference with prospective business relationships. Long asserts in her Complaint that subject matter jurisdiction is proper because the parties are diverse and the amount in controversy exceeds $75,000 and that venue is proper because a substantial part of the events giving rise to her claim occurred in the Northern District. Defendants moved to dismiss claiming that the Court does not have personal jurisdiction over the Defendants and that Long has filed suit in an impermissible venue.

■■■ The legal standards for exercise of personal jurisdiction are well-known:

In a diversity action, a federal court may exercise personal jurisdiction over a defendant only to the extent permitted by the applicable law of the forum state. *See* Fed.R.Civ.P. 4(e)(1), (h)(1), and (k)(1). In this case, it is well-established that the Texas long-arm statute authorizes the exercise of personal jurisdiction to the full extent allowed by the Due Process Clause of the Fourteenth Amendment. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 17.042 (West 1997); *Alpine View [Co. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir.2000) ]; *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex.1990).

The Due Process Clause of the Fourteenth Amendment protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful "contacts, ties, or relations." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Exercising personal jurisdiction over a nonresident defendant is consistent with constitutional due process when "(1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Mink v. AAAA Development LLC*, 190 F.3d 333, 336 (5th Cir.1999) (quoting *International Shoe Co.*, 326 U.S. at 316, 66 S.Ct. 154 (1945)). "'Minimum contacts' can be established either through contacts sufficient to assert specific jurisdiction, or contacts sufficient to assert general jurisdiction." *Id.; Alpine View*, 205 F.3d at 215. When a nonresident defendant has "purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities," the defendant's contacts are sufficient to support the exercise of specific jurisdiction over that defendant. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (internal quotation marks omitted). General jurisdiction may be asserted when a defendant's contacts with the forum state are substantial and "continuous and systematic" but unrelated to the instant cause of

action. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

*Central Freight Lines, Inc. v. APA Transport Corp.,* 322 F.3d 376, 380–81 (5th Cir. 2003).

"When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, it must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts[.]" [*Latshaw v. Johnston,* 167 F.3d 208, 211 (5th Cir.1999) ]; *see also Bullion v. Gillespie,* 895 F.2d 213, 217 (5th Cir.1990); *Thompson v. Chrysler Motors Corp.,* 755 F.2d 1162, 1165 (5th Cir.1985); *DeMelo v. Toche Marine, Inc.,* 711 F.2d 1260, 1270–71 (5th Cir. 1983). Therefore, the plaintiff need only present a prima facie case of personal jurisdiction to satisfy its burden. *See Bullion,* 895 F.2d at 217.

*Stripling v. Jordan Production Co.,* 234 F.3d 863, 869 (5th Cir.2000).

■ The Court finds that Carroll's contacts with Texas, in his capacity as an agent of the Grafton Defendants, are sufficient to support the Court's assertion of personal jurisdiction over the Defendants. Carroll's contacts with Texas include: (1) in December of 2000, Carroll sent an email to Dicker at Dicker Staffing in Dallas, Texas at Long's request to recommend her for a management position; (2) Carroll initiated a follow-up telephone call to Dicker three to four weeks later sharing recently discovered "disappointing information" about Long that was contrary to the earlier recommendation; (3) in February or March of 2002, Carroll had a telephone call with a search consultant seeking a reference for Long with regard to her search for Texas employment; and (4) also in February or March of 2002, Carroll had a telephone call with Michael Knight, a prospective employer in Dallas seeking a reference for Long. Affidavit of Carroll, Exhibit "A" to Defendants' motion to dismiss, at 2–3, ¶ 9. Carroll's email to and phone calls with Texas are purposeful contacts sufficient to support this Court's exercise of specific jurisdiction over the Defendants. *See Wien Air Alaska, Inc. v. Brandt,* 195 F.3d 208, 213 (5th Cir.1999) (holding that telephone calls and faxes to Texas giving rise to plaintiff's intentional tort claims sufficient to confer jurisdiction); *Brown v. Flowers Indus., Inc.,* 688 F.2d 328 (5th Cir.1982) (holding that single defamatory telephone call from defendants in Indiana to Mississippi conferred jurisdiction); *Denmark v. Tzimas,* 871 F.Supp. 261, 269 (E.D.La.1994), *aff'd mem.,* 78 F.3d 582 (5th Cir.1996) (holding that defendant's alleged "libelous phone calls" to forum state sufficient to confer specific jurisdiction); *Ramm v. Rowland,* 658 F.Supp. 705, 709 (S.D.Tex.1987) (holding that defendant's telephone calls, spanning over a year, to plaintiff's former wife in Texas encouraging her to leave her husband accorded personal jurisdiction because the calls constituted the essence of the alleged tort).

■ This Court's exercise of jurisdiction over the Defendants also comports with due process. The due process inquiry limits a court's power to exercise personal jurisdiction over a nonresident if the exercise of jurisdiction under the circumstances would offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In determining whether the exercise of jurisdiction violates traditional notions of fair play and substantial justice, the court evaluates the following factors: (1) the burden on the defendant by having to litigate in the forum; (2) the forum state's interests in the lawsuit; (3) the plaintiff's interests in con-

venient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the shared interest of states in furthering fundamental social policies. *Wien Air Alaska v. Brandt,* 195 F.3d 208, 215 (5th Cir.1999).

■ First, the burden on the Defendants having to litigate in Texas is not substantial. The Defendants are involved, at least in some respects, in a nationwide process of recruiting and staffing corporations.[1] Interstate travel, therefore, should be a routine part of the Defendants' business. Travel from Missouri to Texas, thus, should not present a substantial hardship for the Defendants.

Next, Texas has a substantial interest in redressing the injuries of its citizens. Carroll, in an email to and in phone calls with Texas, allegedly defamed Long. The injurious effect of the intentional tort, if committed, occurred in Texas. This injury was felt entirely by a Texas resident. Forcing Long to travel to Missouri to litigate would not advance her interest in obtaining convenient and effective relief.

Further, many of the witnesses likely to be called are prospective employers and an employee of a staffing company located in Texas. All of the witnesses to the effects of the email and phone calls reside in Texas. In the record before the Court, the only other potential witness to be called is Carroll. Therefore, the majority of witnesses reside in Texas and a trial would proceed more conveniently in a Texas forum. Thus, in evaluating the various relevant considerations, the Court finds that jurisdiction over the Defendants comports with due process.

■ Defendants assert in their motion that venue is improper because the Defendants' actions in the Northern District do not constitute a substantial part of the events giving rise to Long's claims. The Court disagrees. As stated above, Carroll sent an email to Texas, made a telephone call to Texas, and received phone calls from Texas. The actual content of these communications gave rise to Long's intentional tort causes of action. The injurious effects of the Defendants' allegedly tortious conduct also occurred in Texas. The Defendants do not suggest in their motion that their actions or the effects of their actions occurred in any Texas judicial district other than the Northern District. Thus, venue is proper in the Northern District. Therefore, Defendants' motion to dismiss is DENIED.

---

1. Though Defendants claim that their temporary staffing business is limited to Kansas City, Long alleged in her affidavit that she was personally familiar with the national scope of the Defendants' business. Factual conflicts must be resolved in favor of the plaintiff when a court decides a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing. *Stripling v. Jordan Production Co.,* 234 F.3d 863, 869 (5th Cir.2000).